ALFRED OSBUN, RESPONDENT, v. SAMUEL W. DE YOUNG AND CHARLES GARLIMUND, PARTNERS, TRADING UNDER THE FIRM NAME AND STYLE OF DE YOUNG & GARLIMUND, AND LESTER WELSH, APPELLANTS.

Submitted July 9, 1923—Decided November 19, 1923.

1. Where the testimony whether or not the servant of the defendant who was driving the automobile was at the time of the accident engaged on the appellant's business, was disputed, the question was properly submitted by the trial court to the jury.

2. A driver of a vehicle whose vision was obscured by a street light so that he did not see the vehicle ahead with which he collided until within a short distance from it, was under the duty of stopping his car and to endeavor to adjust his sense of vision so that it was restored.

3. In action for damages for the collision of an automobile with a standing truck, the fact whether or not there was a light on the rear of the truck, or whether the light was hidden by plaintiff standing in front of it, is not controlling upon the right of recovery, regardless of the fact whether or not either of these circumstances was the result of negligence, and a proximate contributory factor to defendant's negligence; for it is only where plaintiff's act is a negligent one and proporcionately contributory to the defendant's negligence that caused the plaintiff's injury that the latter is debarred of a recovery.

4. Where, by a request to charge, the trial court is not asked to declare a legal principle, but to make an application of a legal principle upon a state of facts stated by counsel which suggest part only of the circumstances which should have entered into and influenced the jury, such request was rightly refused.

5. The trial court was requested to charge that to entitle the plaintiffs to recover they must prove by greater weight of evidence that neither of them was guilty of contributory negligence. *Held,* that the refusal so to charge was right, as the burden of establishing contributory negligence rests upon the defendants.

6. An exception cannot properly be taken to a failure of the court to charge a legal proposition, in the absence of a request by counsel to charge it.

7. It is competent for one of two partners to establish the relation of master and servant between the partnership and the operator of an automobile owned by it, and a declaration about such ownership by one of the partners was clearly admissible in evidence as a declaration against interest.

On appeal from the Supreme Court.

For the appellants, *John A. Matthews (Grosken & Moriarty,* on the brief).

For the respondent, *Coult & Woodruff (Joseph Coult, Jr.,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The facts which are pertinent to the legal questions presented on this appeal are these: The respondent, plaintiff below, was standing behind an auto-truck, which stood alongside of the westerly sidewalk of Marshall street, a public street in the city of Paterson, and while he was engaged in loading the truck he was hit and seriously injured by an automobile operated by the defendant's servant. The

truck was facing south and it was struck in the rear by defendant's automobile, which came from a northerly direction. The street was paved with asphalt. The collision occurred at night, between nine and ten o'clock. The defendant's servant testified that it was "a very stormy night, foggy, raining, drizzly rain;" that the pavement was wet and slippery; that at the time when he first saw the truck his automobile was going at a speed of about fourteen or fifteen miles an hour; that there was a brightly burning arc light "right opposite the truck," which blinded his view to such an extent that it prevented him from seeing it till he was about eight or ten feet away, and that he then put on his brakes and made an attempt to avoid a collision; but the car skidded on the wet and slippery pavement and slid into the left rear of the truck; that he saw no light on the rear of the truck; that he could see with the headlights on his car about forty feet on that night; that there were no other vehicles on the street; that the automobile was the property of the defendant; but that on the night of the accident he was not driving the car on the defendant's business, but for his own pleasure and that of his companions.

On behalf of the plaintiff there was testimony which tended to establish that there was a lighted lantern suspended from the rear of the truck in close juxtaposition to the license plate and that there was also a tail light lit; that the defendant's car shortly before the collision was being propelled at a high rate of speed along and near the centre of the street, and as it neared the truck suddenly swerved into the rear of it and where the plaintiff was in the act of loading it; that one of the defendant partners made a statement to one of the plaintiff's witnesses that the automobile in question was the property of the firm, and that the driver thereof at the time of the accident was in its employ and was demonstrating it with the permission of the firm.

Some of the facts as above detailed were disputed and some were not. The facts were exclusively within the province of the jury to determine.

There was a motion for a nonsuit at the close of the plain-tiff's case and a motion for a direction of a verdict for defendant at the end of the cause, both of which motions were refused, and properly so. For it is quite obvious that if the jury believed the testimony on behalf of the plaintiff it was warranted in finding negligent operation of the automobile by the defendant's servant, who was driving it at the time of the accident on the defendant's business.

Much space is devoted in appellant's brief in support of its contention that the jury's verdict was against the weight of the evidence.

There can be no good excuse offered why an elementary legal rule should be so often disregarded by counsel in arguing on the weight of the evidence in a civil case at law, on appeal, before this court, which is only concerned with correcting errors in law. With the credibility of the wit-nesses or the weight of the evidence we have no concern.

The contention that there was no testimony to warrant a jury to find that the appellants' servant, who was driving the automobile, was at the time of the accident engaged on the appellants' business, appears from a careful reading of the testimony to be without substance. The fact whether or not the defendants' servant was engaged on its business on the night of the collision was disputed, and this question was properly submitted by the court to the jury for its determination.

Upon that point the court was requested by counsel of appellant to charge: "That even if the jury believe the testimony of Stevenson that De Young told him that Welsh had taken the car with permission to demonstrate it they must find further in order to render a verdict for the plain-tiff, that in driving the car along Marshall street, on Christ-mas Eve., December 24th, 1921, Welsh was acting with the authority of the defendants and in the course of his employ-ment," with which request the court complied.

It is further urged, on behalf of the appellant, that the trial judge, in commenting in his charge to the jury upon the duty of the driver in operating his car on a public street

under the conditions which then prevailed, with the additional fact that the driver testified that a brightly burning arc light blinded him so that he did not see the truck until he got within eight or ten feet of it, committed prejudicial error in saying to the jury: "He says" (referring to the driver), "one reason he did not see the people was that his vision was obscured by a street light, and upon that phase of the case our courts have said that if his vision was temporarily destroyed it was his duty to stop his car and endeavor to so adjust his means of vision that his vision was restored." This statement of the duty of the driver was stated with legal accuracy. *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605; *Consolidated Traction Co.* v. *Haight,* 59 *Id.* 577; *Conklin* v. *Erie Railroad Co.,* 63 *Id.* 338; *Hackney* v. *West Jersey and Seashore Railroad Co.,* 78 *Id.* 454.

In *Hammond* v. *Morrison,* 90 *N. J. L.* 15, the excuse set up by the defendant as an exoneration of liability for his act, which was complained of as tortious, was that just before the collision the street lights which he had passed were reflected into his eyes by the windshields of his automobile, so that he was unable to see in front of him and that this, temporary blindness was the cause of the collision. At page 16, Chief Justice Gummere, who delivered the opinion of the Supreme Court, clearly and aptly stated the common sense rule, as follows: "No man is entitled to operate an automobile through a public street blindfolded. When his vision is temporarily destroyed in the way in which the defendant indicated, it is his duty to stop his car and so adjust his windshield as to prevent its interfering with his ability to see in front of him. The defendant, instead of doing this, took the chance of finding the way clear and ran blindly into the trolley car behind which the decedent was standing. Having seen fit to do this he cannot escape responsibility if his reckless conduct results in injury to a fellow-being."

It is further insisted for appellant that the court erred in refusing to charge the following request: "That if the jury believe that there was no tail light on the Martin truck at the time of the accident, or if there was a tail light such as

Martin described, that Osbun and Hart obscured it from the view of Welsh, then the plaintiffs were guilty of contributory negligence and they cannot recover."

This request is manifestly unsound as a legal proposition, in that it erroneously assumes that in the absence of a tail light on the truck, or its obscuration by Osbun and Hart, the plaintiff is debarred of a recovery, regardless of the fact whether or not either of the circumstances alluded to was the result of negligence and a proximate contributing factor to the defendant's negligence that caused the plaintiff's injury. For it is firmly settled that it is only where the plaintiff's act is a negligent one and proximately contributes to the defendant's negligence that caused the plaintiff's injury that the latter is debarred of a recovery. The leading cases in this state which illustrate this doctrine are: *New Jersey Express Co.* v. *Nichols,* 33 *N. J. L.* 434; *New York, Lake Erie and Western Railroad Co.* v. *Ball,* 53 *Id.* 283; *Menger* v. *Laur,* 55 *Id.* 205. Moreover, in view of the driver's testimony that he was blinded by the arc light so that he could not see ahead more than eight or ten feet, it becomes impossible to conceive how there could be any causal connection between the absence of a tail light or an obscuration of it with the driver's negligent conduct in failing to stop his car until his vision was improved, or at least to reduce the speed of the car so that it could be stopped in time to avoid a collision with an obstacle in the way eight or ten feet ahead. The request to charge was properly refused.

The court properly refused to charge the second request, which was as follows: "That if the jury believe as Osbun testified, that he saw the defendant's car coming on a high rate of speed, and he, Osbun, took no precaution to get out of the way, then the plaintiff, Osbun, was guilty of contributory negligence in going into the path of that car, and he cannot recover."

The main fault with the request is that it contains only a partial recitation of Osbun's testimony on that point. He testified that when he saw the car coming it was running at high speed in the centre of the street and that if the driver

had continued in that course he would not have struck the rear end of the truck, where he, Osbun, was standing while loading it; but the automobile suddenly swerved from its course and ran into the rear of the truck before he could get out of the way.

It is to be observed that the trial judge was not asked to declare a legal principle, but to make application of a legal principle upon a state of facts postulated by the defendant's counsel which suggest part only of the circumstances which should have entered into and influenced the jury. Under the declaration of this court in *Consolidated Traction Co.* v. *Chenowith,* 61 *N. J. L.* 554, 561, it was not error for a court to refuse to comply with such request.

It is further argued that the court erred in refusing to charge this request: "That in order for the plaintiffs to recover they must prove by a greater weight of evidence:"

"1. That Welsh was the agent of De Young and Garlimund at the time of the accident; 2, that Welsh was on the business of De Young and Garlimund at the time of the accident; 3, that Welsh was guilty of negligence; that neither Martin or Osbun was guilty of contributory negligence."

The trial judge having already substantially charged the first three propositions embodied in the request, he was under no legal duty to reiterate them, and as the fourth proposition is unsound in law he was warranted in refusing to charge it.

Contributory negligence is a defense and the burden of establishing it rests upon the defendant. *New Jersey Express Co.* v. *Nichols, supra.*

It is urged that the court erred in omitting to charge on the subject of contributory negligence. No such request was made to the court. It is true that counsel took an exception, "in that the court did not take up the question of contributory negligence." But this was not legally sufficient to make it a basis for an appeal. We have repeatedly held that an exception cannot be properly taken to a failure on part of a court to charge a legal proposition. If counsel desired to have the question of contributory negligence considered by the jury it was incumbent upon him to point out to the court,

99 N. J. L.                    Osbun v. De Young.

by a request, what conduct on part of the plaintiff, if believed by the jury, constituted negligence contributing to his injury. A plain reading of the testimony discloses an utter absence of any conduct on the plaintiff's part which would warrant the slightest inference of his having been negligent.

The seventh request was properly refused, since the trial judge had substantially covered it in his charge.

The other grounds of appeal relate to the admission of testimony by the court against defendant's objection that the questions were incompetent. Dr. Gale, a witness produced by the plaintiff, was asked: "Q. From the examination you made of that man's arm can you tell whether or not that condition was the result of a fracture?" To which the witness replied "Yes." "Q. What is your opinion as to that?" "A. He has indications of having had a comminuted fracture of the lower humerus." Both of these questions put to an expert were competent and the objections to their competency were properly overruled.

The next ground of complaint is that the court improperly permitted Harry G. Stevens, a witness for the plaintiff, to testify to a conversation which took place after the accident between him and the defendant's partner, relating to the character of Welsh's employment by the firm and the nature of his mission on the night of the accident. The question put to the witness Stevens was: "What did he say to you and what did you say to him?" The objection to the question was stated in this form: "Objected to; the attempt to prove agency in this fashion is objectionable. And I object further on the ground that any conversation which he may have had with De Young and Garlimund at a time in December, after this happening, is not competent under the issues alleged in the pleadings in this case."

These grounds of objections appear to be unsubstantial. It was competent for one of the partners to establish the relation of master and servant between the firm and Welsh, the operator of the car on the night of the accident. Furthermore, in the present case it was an admission against interest which, if true, is of great probative value. Therefore, what

De Young said to Stevens as to what Welsh's employment was and the mission he was on on the night of the accident was competent testimony.

Lastly, it is claimed that it was prejudicial error to permit De Young, one of the partners of the defendant company, to be asked, on cross-examination, the following question: "*Q.* Well, put in this way: Suppose, instead of having an accident that night as a result of driving that car up Marshall street, Lester had brought a customer to you and the customer had bought a car; would you have paid Lester something?"

This question was objected to as incompetent and immaterial and calling for a conclusion and not cross-examination. It was not proper cross-examination, since there was nothing said by the witness upon his direct examination to support it. But even if the question was improper, on cross-examination, it does not follow that the plaintiff was precluded to inquire into the practice of the firm as to paying commissions to Welsh if he succeeded in procuring the sale of a car. By asking the question, however, the plaintiff made De Young his own witness and thereby was bound by any answer that the witness might make.

For the reasons set forth the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—PARKER, J.   1.