Submitted on briefs October 11, affirmed October 25, 1927.

## COLUMBIA HOTEL CO. *v.* DR. CHARLES ROSENBERG.

### (260 Pac. 235.)

**Pleading—Allegation That Plaintiff was Owner and Holder of Agreement and Note Held Averment of Fact (Or. L., § 67).**

1. In action on a note, allegation that plaintiff was owner and holder of agreement and note *held* averment of an ultimate fact, within Section 67, Or. L.

**Pleading—Defendant, not Testing Complaint by Either Motion or Demurrer, cannot Invoke Rule of Strict Construction (Or. L., § 7841).**

2. In action on a note by holder thereof, where presumption, under Section 7841, Or. L., is that plaintiff was owner, defendant, not having tested complaint by either motion or demurrer, could not invoke a strict construction of the complaint.

**Pleading—After Verdict, Complaint is Liberally Construed in Favor of Plaintiff and in Interest of Justice.**

3. In action on a note, where defendant did not test the complaint by either motion or demurrer, it will be liberally construed in favor of plaintiff and in interest of justice.

---

2. See 21 R. C. L. 465.

Bills and Notes—Holder of Note is "Real Party in Interest" (Or. L., § 27).

4. Holder of note and agreement for purchase of stock payable to another is "real party in interest," within Section 27, Or. L.

Bills and Notes—Whether Plaintiff was Owner of Note Which was Unpaid Held, Under Evidence, for Jury.

5. In holder's action on note given to H., as treasurer, of plaintiff for purchase of stock in a hotel, whether the corporation subsequently organized was owner of note which was unpaid *held*, under evidence, for jury.

Corporations—Note Payable to H., Treasurer of New Hotel Building Fund, Held Equivalent to Naming Plaintiff Hotel Company Payee After It was Incorporated (Or. L., § 7834).

6. Making note payable to H., treasurer of new hotel building fund, *held* equivalent to naming hotel company as payee after it was duly incorporated and organized, so that the corporation could maintain action thereon, within Section 7834, Or. L.

Pleading—Complaint, not Alleging Assignment or Transfer of Note to Plaintiff, Held Sufficient After Verdict.

7. In action on a note by a corporation, complaint, alleging that, in contemplation of building new hotel building, defendant subscribed to capital stock of plaintiff by delivering to H., as treasurer, note in suit; that plaintiff corporation was owner and holder; and that note was unpaid, *held* sufficient after verdict, though lacking allegation of assignment or transfer of note from H.

---

Bills and Notes, 8 C. J., p. 833, n. 3, p. 890, n. 85, p. 967, n. 20, p. 1007, n. 21, p. 1071, n. 74.
Pleading, 31 Cyc., p. 79, n. 4, p. 721, n. 81, p. 764, n. 13.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

Plaintiff is an Oregon corporation. This action is based upon a promissory note payable to "C. R. Higgins, Treasurer, Astoria New Hotel Building Fund." Said note is embodied in an agreement "for the purchase of stock for the purpose of raising a fund to provide a new and modern hotel in Astoria, Oregon, said enterprise to be duly incorporated under the laws of the State of Oregon." The note is dated May 11, 1922, and was payable in installments the last of which was due June 1, 1923. According to

its terms the agreement embodying the promissory note is attached to the complaint as exhibit "A" and made a part thereof.   Plaintiff alleges as follows:

"That in contemplation of the erection of a new hotel building in Astoria, Oregon, the defendant, with others, *became a subscriber to the capital stock of this plaintiff* by signing and delivering to *C. R. Higgins, as treasurer of this plaintiff,* a certain agreement and promissory note in writing, of which annexed hereto, marked Exhibit 'A,' and made a part hereof, is a copy. * *

"That this plaintiff is now the owner and holder of said agreement and note, and that the said defendant has not paid the same; nor any part thereof, * *

"That this plaintiff stands ready and is willing to deliver to said defendant the said five (5) shares of capital stock upon full payment to it of the sum so due by this defendant to it as set forth under the terms of the said agreement and promissory note annexed hereto."

Defendant answered by general denial.   The complaint was not tested by either motion or demurrer.   When the agreement and promissory note was offered in evidence defendant objected on the ground that the complaint did not state facts sufficient to constitute a cause of action against defendant.   Two questions are presented by the appeal: First, does the complaint state facts sufficient?   Second, was sufficient evidence adduced by plaintiff to support the verdict?                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. C. W. Robison* and *Mr. Harold Banta.*

For respondent there was a brief over the name of *Mr. Edward C. Judd.*

COSHOW, J.—1. Defendant contends that because there is no allegation in the complaint of an assignment or transfer of the note from "Higgins, Treasurer, Astoria New Hotel Building Fund," to plaintiff that the complaint does not state facts sufficient to constitute a cause of action against defendant. It is argued that exhibit "A" shows on its face that the note is payable to Higgins, Treasurer, Astoria New Hotel Building Fund, and that plaintiff is not connected therewith. Defendant inferentially concedes that if the allegation that plaintiff is now the owner and holder of said agreement and note is an averment of fact the complaint is sufficient. Defendant contends that such allegation is a mere conclusion of law. Under the simple system of pleading obtaining in this state that allegation states the ultimate fact. It is much more than a mere legal conclusion: Or. L., § 67; Phillips, Code Pleading, § 325; 1 Sutherland, Code Pleading & Practice, p. 83, § 98. See in this connection, *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364).

2, 3. Plaintiff was in possession of the promissory note and produced it at the trial. The effect of a transfer of a negotiable instrument without indorsement is to reduce it to a mere chose in action: Or. L., § 7841; *First National Bank* v. *McCullough,* 50 Or. 508, 514 (93 Pac. 366, 126 Am. St. Rep. 758, 17 L. R. A. (N. S.) 1105). The presumption is that plaintiff is the owner of the note: Or. L., § 7841; 8 C. J. 1007, note 21 in § 1310. Since the note is in its possession and was produced at the trial defendant is not likely to be called upon by some other person to pay the note. Defendant is not in a situation to invoke a strict construction of the complaint: Phillips, Code Pleading, above. The complaint is

very poorly drawn.  A motion or a demurrer would have pointed out the defects in the complaint so that it could have been amended.  The complaint will be liberally construed in favor of plaintiff and in the interest of justice.

4. Plaintiff being the owner of the note is the real party in interest: Or. L., § 27; *First National Bank* v. *McCullough*, above; *Moore* v. *Miller*, 6 Or. 254 (25 Am. Rep. 518); *American Soda Fountain Co.* v. *Hogue*, 17 N. D. 375 (116 N. W. 339, 17 L. R. A. (N. S.) 1113, 1116).

5. Some authorities are to the effect that presumption of ownership does not follow the possession of a chose in action payable to a person other than the one in possession.  Defendant, however, has not advanced any defense.  He has relied simply on general denial and seeks to defeat recovery solely upon extreme technical grounds.  The evidence is not as complete as it could easily have been made, but there was sufficient evidence to go to the jury to the effect that plaintiff was the owner of the note and that it had not been paid.

6, 7. Plaintiff alleges in its complaint that defendant "became a subscriber to the capital stock of this plaintiff by signing and delivering to C. R. Higgins, as treasurer of this plaintiff, a certain agreement and promissory note." The note alluded to is the basis of this action.  The jury was justified in inferring that plaintiff is the corporation referred to in the contract involved in this action, and that "Astoria New Hotel Building Fund" was the name given the fund for convenience pending the incorporation of plaintiff.  Making the note payable to Higgins, Treasurer, Astoria New Hotel Building Fund, was equivalent to naming plaintiff as payee after it was duly

incorporated and organized. Plaintiff is entitled to maintain this action: Or. L., § 7834; *First Nat. Bank v. McCullough,* above. Plaintiff would have saved expense and trouble by alleging and proving these steps now inferred. The complaint is sufficient after verdict.

For these reasons the judgment is affirmed.

AFFIRMED.