Argued October 20, affirmed November 15, 1927.

ELIZA A. WATT v. ASSOCIATED OIL COMPANY.

(260 Pac. 1012.)

Highways—Person Parking Automobile on Traveled Part of Highway Prima Facie Violates Law, and has Burden of Affirmatively Showing Necessity.

1. Person parking his automobile on public traveled part of highway is *prima facie* violator of the law, and has burden of affirmatively showing that it was necessary for him to so park at such time and place; it not being necessary for injured party to show that parking was unnecessary.

Highways—Person Negligently Running Against Automobile Parked on Highway cannot Recover Merely Because Parking was Unnecessary, but Contributory Negligence must be Pleaded and Proved.

2. Mere fact that parking on public traveled part of highway is unnecessary will not permit recovery by person who recklessly or carelessly runs against car so parked, but contributory negligence remains a defense to be pleaded and proved.

Appeal and Error—Supreme Court cannot Set Aside Verdict, Unless There is No Substantial Evidence Sustaining Plaintiff's Contentions; Jury Being Judge of Conflicting Evidence.

3. Jury is judge of value and effect of conflicting evidence, and Supreme Court cannot set aside verdict, unless there was total lack on part of plaintiff to introduce any substantial evidence to sustain contentions.

Appeal and Error—On Appeal, Question is Whether Plaintiff Introduced Any Substantial Evidence, Justifying Verdict.

4. On appeal from verdict of jury, question is whether plaintiff introduced any substantial evidence to justify verdict.

Highways—Whether Truck was Stopped on Highway to Refill Radiator, as Claimed, and Whether Emergency Justified Stopping, Held for Jury (Gen. Laws 1921, p. 712, § 2, subd. 19).

5. Under General Laws of 1921, page 712, Section 2, subdivision 19, providing that prohibition against parking vehicles on highways shall not apply to vehicle so disabled as to prohibit moving same, jury is judge as to whether vehicle was actually stopped for purpose of refilling radiator, as claimed by driver, and whether there was such an emergency as to justify stopping at such place.

Evidence—Jury Could Infer That Defendant's Payment for Medical Attention to Plaintiff, Injured in Automobile Collision, was Due to Representation by Defendant's Employee That He was at Fault.

6. In action for injuries caused by collision of plaintiff's automobile with defendant's truck, parked on highway, jury had right to infer that payment by defendant for medical services to plaintiff was not act of generosity, but on account of representation of driver of truck, made immediately after accident, that he was at fault.

Highways—Negligence in Parking Truck on Traveled Part of Highway Held for Jury.

7. In action for injuries growing out of collision between plaintiff's automobile and defendant's truck, parked on traveled part of highway, evidence showing that plaintiff was driving slowly in slight fog, believing that truck ahead of him was moving, but collided with truck when unable to pass because of automobile coming from opposite direction, and statement by driver of truck immediately after accident, that he was at fault, made case for jury.

Appeal and Error—Evidence cannot be Weighed by Supreme Court.

8. Supreme Court cannot weigh evidence and state how they would have decided as to its value.

---

Appeal and Error, 4 C. J., p. 852, n. 57, p. 853, n. 59.
Motor Vehicles, 42 C. J., p. 1009, n. 47, p. 1197, n. 35, p. 1207, n. 8, p. 1216, n. 74, p. 1236, n. 37.
Trial, 38 Cyc., p. 1516, n. 57, 58.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 1.

This is an action to recover damages for an injury sustained by plaintiff as the result of a collision

---

3. See 2 R. C. L. 193.
8. See 2 R. C. L. 197.

between an automobile driven by plaintiff's husband and an oil truck owned by the defendant company and driven by defendant O. C. Kumler. The gist of the complaint is that the negligence charged, as stated in the complaint, was that defendants were driving their truck upon the public road and while so engaged carelessly, negligently and unlawfully caused said truck to be parked upon the main traveled portion of said county road so as to obstruct the same at said point about one and one-half miles south of the town of Amity; that said road at that place was a paved road, the pavement thereon being sixteen feet in width; that said truck was so left parked upon the main traveled portion of said road and was by defendants carelessly and negligently caused and permitted to remain so parked as to obstruct the travel thereon so there was not sufficient room for a passing vehicle to pass said truck to the right thereof, nor for two vehicles to meet and pass on the left side of said truck.

Defendants answered together denying the negligent acts alleged in the complaint, and, by a further and separate answer, set up that at the time of the collision, the engine of the company's truck became excessively hot and that it was necessary to stop said truck upon the highway to refill the radiator, in which the water had boiled down, with water from a wayside ditch, and, that after the radiator was so filled, defendant's driver was in the process of cranking the truck, for the purpose of continuing the journey, when the same was struck in the rear by an automobile in which the plaintiff was riding.

The answer further alleged that the automobile in which plaintiff was riding was driven by Alex Watt, husband of plaintiff, and was operated at a high and

dangerous rate of speed under the circumstances, to wit, at the rate of over thirty miles an hour when the pavement was in a slippery condition, and was operated by Watt without due regard to the traffic upon the pavement both coming toward and preceding the machine which Watt was driving, and without observing the truck of defendants herein and its position upon the highway, all of which facts were well known to plaintiff; that the plaintiff was reckless, careless and negligent in failing to remonstrate with her husband on account of the manner in which he was driving the machine, in failing to call his attention to the circumstances surroundng the operation of his car, in failing, under the circumstances, to keep a lookout ahead for traffic upon said highway, in failing to apply the emergency brake in time to prevent the collision, and that, as the result of her negligence in the respects aforesaid, the collision occurred and said negligence was the proximate cause thereof.

The new matter having been put in issue by the reply, there was a jury trial and a verdict for plaintiff, and, from a judgment upon said verdict, defendants appeal.    AFFIRMED.

For appellants there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. H. T. Botts.*

McBRIDE, J.—The defendants moved for a nonsuit and later for a directed verdict, and the court's refusal to grant either of these motions is the only alleged error to be considered here.

1, 2. One who parks his automobile upon the public traveled part of a highway is *prima facie* a violator of the law, and it is incumbent upon him to show affirmatively that it was necessary for him to so park it at that time and place. It is not the duty of a party injured in a collision, under such circumstances, to show that such parking was not necessary, but for the other party to bring himself within the exception prescribed in the statute. Of course, the mere fact that such parking is unnecessary will not permit a recovery by one who recklessly or carelessly runs against the car so parked. Contributory negligence is still a defense, but this must be pleaded and proved either by the circumstances themselves or by affirmative testimony.

3, 4. The testimony here is conflicting, but as the jury is made by law the judge of the value and effect of evidence, we have no right to set aside the verdict unless there was a total lack on the part of plaintiff to introduce any substantial evidence to sustain her contentions. The question here is: Did plaintiff introduce any substantial testimony to justify a verdict? The pleading by defendants of the proviso in the statute is defective.

5. The material part of subdivision 19, Section 2, Chapter 371, General Laws of 1921, so far as it relates to this subject, is as follows:

"No vehicle shall be parked upon the main traveled portion of the highways of this state; *provided,* that this shall not apply to any vehicle so disabled as to prohibit the moving of the same."

There is no allegation that the contingency which caused defendant's driver to stop on the highway was of such a character as to prohibit his moving the same farther along or off the traveled part of the

highway, but conceding that the pleading is sufficient, the jury was the judge as to whether the truck was actually stopped for the purpose indicated in Kumler's testimony, and, if so, the jury was still the judge as to whether there was such an emergency as to justify such stoppage at that place; and, under the surrounding circumstances, the defendant Kumler was the best judge as to this. According to the testimony of both Mr. and Mrs. Watt, the defendant Kumler stated at the time of the accident, and before he had an opportunity to realize the possible financial consequences of his admission, that the collision was all his fault, and, a very short time afterward at Amity, when plaintiff's wounds were dressed, stated to the doctor that his company would pay for that service, which it actually did.

6. The jury had a right to infer that this payment was not an act of generosity, but rather on account of the representation of Kumler that he was the party in fault. If the company had been informed that Watt had carelessly and recklessly bumped into its truck and thereby injured it to a small extent, it is improbable that it would have felt obligated to pay for even a small part of the injuries occurring thereby.

If the jury believed the testimony of plaintiff and his wife, the case is about as follows:

7, 8. On January 16, 1924, plaintiff and her husband started in a light car, driven and owned by Mr. Watt, intending to go from Salem to Tillamook over the paved highway of the West Side road. The morning was quite foggy in some places and at others not extremely so, but the moisture on the windshield was such as to partially obscure plaintiff's vision at all times. The windshield wiper was on the left side,

and, by its aid, Mr. Watt could see better than his
wife, but it is evident that neither was able to see as
distinctly as if the weather had been clear. About a
mile and a half south of Amity, Watt saw the truck
of the defendant in the road a hundred yards or more
ahead of him on the same side of the road, namely,
on the right-hand side, and supposed that it was trav-
eling in the same direction that he was, probably be-
ing misled by the atmospheric conditions. About a
hundred yards farther north was a car on the west
side of the road apparently coming south  Watt was
driving slowly, not to exceed twenty miles an hour,
and after sizing up conditions, judging that the car
coming south would pass the truck about the same
time that he would overtake it, he slowed up accord-
ingly. His mistake was, that the truck, instead of
being in motion, was stationary and when he discov-
ered this fact, he put on his brakes and called to his
wife to put on the emergency brake, but before this
was done, the car ran or rather slid against the rear
end of the truck breaking the windshield and fender
of Watt's car, doing other damage and severely in-
juring plaintiff. The truck was slightly damaged but
not to such an extent as to prevent it from going on,
and in fact it towed the Watt car to Amity where
Mrs. Watt's injuries were dressed, and later, to Mc-
Minnville.

The truck was standing, according to the testimony
of plaintiff and her husband, which was contradicted,
about two feet west of the east side of the pavement
so that there was no room to pass on that side and
the proximity of the car coming south rendered it
dangerous to pass on the other side. The driver gave
a very plausible explanation of the necessity of his
stopping where he did, but in view of the testimony

tending to show that he had admitted to plaintiff and her husband that he was in fault, the jury evidently did not credit his explanation, probably being of the opinion that he could have gone a mile and a half into Amity before refilling his radiator without injury to his car. It is not for the members of this court to weigh the evidence and say how they would have decided as to its value. We are of the opinion that there was some evidence on the part of the plaintiff which entitled her to go to the jury and, such being the case, the judgment is affirmed.     AFFIRMED.

RAND, C. J., and COSHOW and ROSSMAN, JJ., concur.