Argued at Pendleton May 9, affirmed September 25, 1928.

JOHN SCHASSEN *v.* COLUMBIA GORGE MOTOR COACH SYSTEM.

(270 Pac. 530.)

For appellant there was a brief over the name of *Messrs. Van Vactor & Butler.*

For respondent there was a brief and oral argument by *Mr. Frank G. Dick.*

COSHOW, J.—There is no claim here that the complaint does not state sufficient facts to constitute an action against defendant. There is no serious claim made that defendant was free from negligence. It is ably argued and seriously contended here that the complaint states facts showing plaintiff to have been guilty of contributory negligence. It is also earnestly urged that plaintiff's testimony affirma-

tively shows that his injuries are the result of his own lack of care. It is admitted that plaintiff's negligence would prevent his recovery if that negligence contributed to his injuries.

The complaint is too prolix to set out in this opinion. It charges defendant with parking one of its large busses on the highway. The bus was traveling south. While that bus was so parked another bus also operated by defendant and proceeding north was stopped beside the other bus, thus completely blocking the highway. Plaintiff was proceeding south at 6:45 P. M. when it was quite dark. Defendant is charged with having very bright, powerful lights on the bus traveling north which were permitted to shine along the highway while standing beside the parked bus headed south.

"That said lights that the defendant so unlawfully wantonly, carelessly, and negligently permitted and suffered to remain burning threw out upon the said highway strong rays of light that were very bright and glaring and for a distance of two hundred yards or thereabouts in a northerly direction from where the defendant's two automobiles were standing, said lights were so directed that they shone, and said rays of light, glaring and strong, aforesaid, were permitted to shine upon the highway, therefore blinding the plaintiff who was proceeding in a southerly direction upon said highway so as to prevent and make impossible for the plaintiff to see the automobile that belonged to said defendant that was proceeding in a southerly direction while standing upon said highway and leading thereby the plaintiff to believe that he, the plaintiff, was meeting another automobile that was at that time in motion, and proceeding in a northerly direction; that said lights shone directly upon the highway and into the plaintiff's face and into his eyes making it impossible for the plaintiff to see either of said automobiles

other than to see said lights, all of which was caused by the unlawful, wanton, carelessness and negligence of the defendant, its officers, agents and employees.''

■ The gist of defendant's attack on the complaint is that it alleges he drove his car about 200 yards while blinded. While the complaint does not directly so charge it is open to that construction. It was not tested either by motion or by demurrer. It should be construed as favorably to plaintiff as its language will permit: *Columbia Hotel Co.* v. *Rosenberg*, 122 Or. 675 (260 Pac. 235). The complaint does not specify the distance from defendant's two busses plaintiff was unable to see said busses. It does not specify the time he was so blinded. It does aver that the lights were so strong that their rays extended about 200 yards along the highway.

Plaintiff testified with reference to the effect of the strong lights on defendant's bus as follows:

''When I first come in contact with the lights they didn't bother me, but after I had went a little ways they began getting brighter, and I don't know, I don't know positively, probably the last fifty feet or such a matter I was blinded by the strong lights. * * I was slowed down when I came within contact with the light and took my foot off the accelerator and just slid along and when I became blinded I put my foot on the foot brake and applied it lightly.''

Plaintiff also testified that he came within range of the bright lights about 200 yards from said busses, and passed through the blinding glare thereof about 10 feet from the bus with which his car collided too late to prevent the collision. He estimated that he diminished the speed of his car from 30 miles an hour when he first came within range of defendant's powerful lights to 15 miles per hour when the collision occurred.

Defendant, insisting that the complaint alleges plaintiff was blinded from the time he came within range of the lights and operated his car while so blinded a distance of 200 yards, argues plaintiff was guilty of contributory negligence preventing him recovering in this action. Defendant cites the following authorities: *Woodhead* v. *Wilkinson,* 181 Cal. 599 (185 Pac. 851, 10 A. L. R. 291); *Hammond* v. *Morrison,* 90 N. J. Law, 15 (100 Atl. 154); *Jaqwith* v. *Worden,* 73 Wash. 349 (132 Pac. 33, 48 L. R. A. (N. S.) 827); *Mathers* v. *Botsford,* 68 Fla. 40 (97 South. 282, 32 L. R. A. 881); *Budnick* v. *Peterson,* 215 Mich. 678 (184 N. W. 493); *Hazel* v. *Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38 (141 N. E. 392, 30 A. L. R. 491); *Osbun* v. *DeYoung,* 99 N. J. Law, 204 (122 Atl. 809); *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 (239 Pac. 709, 41 A. L. R. 1027); *Grosz* v. *Bone,* 48 S. D. 65 (201 N. W. 871); *Short* v. *State,* 179 N. Y. Supp. 539; *Day* v. *Cunningham,* 125 Me. 328 (133 Atl. 855, 44 A. L. R. 1229).

The evidence that plaintiff was blinded while traversing from 20 to 40 feet of the 200 yards in which he traveled in the range of the offending lights supports the allegation of the complaint hereinabove set out without the amendment thereto allowed by the court during the trial. We repeat plaintiff is entitled to a liberal construction of the complaint: *Bottig* v. *Polsky,* 101 Or. 530 (201 Pac. 188); *Columbia Hotel Co.* v. *Rosenberg,* 122 Or. 675 (260 Pac. 235).

Only four of the eleven cases cited by defendant and set out above decide as a matter of law that one blinded by bright lights must stop his car. The other seven cases hold that whether or not one so blinded was guilty of negligence in proceeding is

a question of fact. Indeed, the later case from New Jersey, *Osbun* v. *DeYoung,* above, in page 512 of 122 Atl., used this language:

"Moreover, in view of the driver's testimony that he was blinded by the arc light so that he could not see ahead more than 8 or 10 feet, it becomes impossible to conceive how there could be any causal connection between the absence of a tail light or an obscuration of it with the driver's negligent conduct in failing to stop his car until his vision was improved, *or at least to reduce the speed of the car so that it could be stopped in time to avoid a collision with an obstacle in the way 8 or 10 feet ahead.*"

■ This case was submitted to a jury, and the jury found the driver negligent. The court was bound by the verdict as is this court on questions of fact. An opinion should always be read and construed in the light of the particular facts involved. We decline to follow the cases which lay down the rule that a driver blinded by the lights of an approaching or stationary car must immediately stop his car. We think the better rule to be that each case must depend on its own state of fact, and as a rule the question of contributory negligence must be submitted to the jury under appropriate instructions. *Day* v. *Cunningham,* above, states the principle thus:

"There was evidence introduced by the defendant tending to show that he 'saw them * * crossing the street.'

"This the defendant denies. But his own testimony is sufficient to justify the finding of negligence."

This excerpt clearly shows the question under discussion was of fact not of law. This is the holding

of seven of the cases cited by defendant to induce the court to treat the question as of law.

■ There are so many elements entering into a driver's conduct in order to avoid accidents that it would be unwise to lay down a rule that they should undertake to stop their automobile when temporarily blinded by cars on the highway. Whether or not the brakes should be suddenly and vigorously applied depends upon the condition of the road, the alignment thereof and the weather. Ordinarily one will drive through the space of such offending lights before he could stop his car. It is easy to conceive of cases where one who stopped his automobile suddenly because of glaring lights could be held negligent. Where there is much traffic automobiles suddenly stopped might seriously interfere therewith and cause serious injury to others lawfully using the highway. Those considerations lead us to hold that whether one driving his car while so blinded is guilty of negligence is dependent upon the circumstances of the case and is peculiarly a question of fact to be determined by the jury under appropriate instructions.

■ This court is committed to the ruling that whether or not plaintiff was guilty of negligence contributing to his injuries is a question of fact: *Murphy* v. *Hawthorne*, 117 Or. 319, 322, 323 (244 Pac. 79, 44 A. L. R. 1397); *Ross* v. *Willamette Valley Transfer Co.*, 119 Or. 395, 399 (248 Pac. 1088); *West* v. *Marion County*, 95 Or. 529 (188 Pac. 184); *Watt* v. *Associated Oil Co.*, 123 Or. 50 (260 Pac. 1012). This we believe to be the rule in most jurisdictions: *Morehouse* v. *City of Everett*, 141 Wash. 399 (252 Pac. 157), and cases there cited; *Johnson* v. *Auto Interurban Co.*, 139 Wash. 132 (245 Pac. 920); *Fisher*

v. *Southern Pac. Co.,* 72 Cal. App. 649 (237 Pac. 787); *Flynn* v. *Town of West Hartford,* 98 Conn. 83 (118 Atl. 517); *Denver Alfalfa Milling & Product Co.* v. *Erickson,* 77 Colo. 583 (239 Pac. 17); 42 C. J. 912, § 625; Berry, Automobiles (4 ed.), 142, § 154. The testimony in the instant case is to the effect that plaintiff was not blinded by the glare of defendant's bus to exceed two seconds. He and his stepdaughter both testified he reduced his speed as soon as he entered the range of those lights. It would be a harsh rule to hold plaintiff guilty of negligence as a matter of law. Especially would it be harsh to so hold in view of the conduct of defendant, both blinding plaintiff with its glaring lights and unlawfully parking its bus on the highway: *Townsend* v. *Jaloff,* 124 Or. 644 (264 Pac. 349), and cases there cited. There is evidence that the parked bus was moved off the traveled portion of the highway by its own power immediately after the collision. The court correctly ruled when it overruled defendant's objection to any testimony in behalf of plaintiff, when it denied motions for nonsuit, directed verdict and refused the requested instruction to return a verdict for defendant.

■ Plaintiff was permitted, over defendant's objection, to amend his complaint by interlining in the appropriate place "for the last 30 to 40 feet of said 200 yards of distance." This amendment was requested and granted in order to specify the distance within 200 yards plaintiff was prevented from seeing by the intense glare of defendant's bus lights. Defendant assigns the order allowing the amendment as error. The amendment was within the discretion of the court. The amendment was in accord with plaintiff's testimony. Defendant does not contend

that he was unprepared to meet the issue joined by the amended allegation and its answer. The amendment did not change the issues.

█ Defendant complains because the court refused to give its requested instructions numbered 3, 4, 5 and 6. So much of the substance of requests numbered 3, 5 and 6 as correctly state the law applicable was given. It was not necessary to give them in the exact language used by defendant: *Marks* v. *Herren*, 47 Or. 603, 607 (83 Pac. 385).

Request No. 4 does not correctly state the law. Whether or not the bus bearing the offensive lights was moving or temporarily stationary defendant was required to obey the statute in force at the time of the collision reading as follows:

"The lights of all vehicles shall be so arranged, adjusted and operated as to avoid dangerous glare or dazzle, and so that no dangerously glaring or dazzling rays from the lamps of any vehicle on a level road shall be projected at such an angle above the approaching drivers or pedestrians." 1925 Gen. Laws, 651, subd. 6 (a).

The same statute required drivers to dim the lights in the night-time: Id. 653, subd. 5 (e). The court did not err in refusing to give any of the requested instructions.

█ Defendant assigns two errors on account of instructions given. The first of the instructions objected to is a caution to the jury to accept as the law controlling their deliberations the instructions given them by the court. This instruction is harmless. It could not have injured defendant's case. The other instruction excepted to is as follows:

"You are instructed that a person traveling upon a highway has the right to assume that all other persons also using that highway would obey the law

and he is not bound to keep a lookout for others who may violate the law.''

This instruction correctly states the law in this state: *Murphy* v. *Hawthorne,* 117 Or. 319, 325 (244 Pac. 79, 44 A. L. R. 1397); *Peters* v. *Johnson,* 124 Or. 237 (264 Pac. 459, 463); *Hansen* v. *Bedell Co.,* 126 Or. 155 (268 Pac. 1020, 1021). The text-books generally announce the same principle: 42 C. J. 884, 901, §§ 584, 607; Berry, Automobiles, 195, § 208; 2 Cyc. Auto. Law, Blashfield, 1012, § 4. Two of the cases cited by defendant stress this principle: *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 (239 Pac. 709, 41 A. L. R. 1027), and *Budnick* v. *Peterson,* 215 Mich. 678 (184 N. W. 493).

''She was justified in assuming (as she says she did) that he was following the usual custom of drivers. *Lawyer* v. *Los Angeles Pacific Co.,* 161 Cal. 53 (118 Pac. 237).'' *Woodhead* v. *Wilkinson,* 181 Cal. 699 (185 Pac. 851, 853, 10 A. L. R. 291).

Judgment affirmed. AFFIRMED.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.