BROWN ET AL. *v.* GREENWOOD

[No. 17,335. Filed April 2, 1945. Rehearing Denied May 18, 1945. Transfer Denied October 8, 1945.]

*Beasley, O'Brien, Lewis and Beasley,* of Terre Haute, for appellants.

*Ernest M. Wright, Aikman, Miller & Causey,* all of Terre Haute, for appellee.

ROYSE, J.—Appellee sued appellants for damages on account of injuries received arising out of an automobile accident on Wabash Avenue in the City of Terre Haute. The cause was tried to a jury; twenty-six interrogatories properly submitted were answered by the jury. A general verdict was returned in favor of appellee for $2,000. The trial court overruled appellant's motion for judgment on the interrogatories notwithstanding the general verdict, and rendered judgment against appellants on the general verdict.

The sole error assigned here is that the trial court erred in overruling the separate and several motions of appellants for judgment on the answers to the interrogatories submitted to the jury.

The complaint, in substance, alleges the existence of U. S. Highway No. 40, and that said highway is also

known as Wabash Avenue in the City of Terre Haute; that on December 5, 1942 appellant Gilbert Brown was the owner of a coal truck and on said date appellant Robert Brown was driving said truck; that the appellants were engaged in the business of hauling coal. It is then alleged as follows:

"On said date and more than one-half hour before sunrise and at a time when there was not sufficient light to render such truck clearly discernible a distance of five hundred (500) feet and when the atmosphere was foggy and visibility thereby further impeded, the defendants then and there with knowledge of the conditions herein alleged parked said automobile and allowed said automobile to remain so parked at a point on Wabash Avenue adjacent to the north curb line thereof and between Rose Avenue and Home Avenue intersections with Wabash Avenue.

"At such time and place and in such conditions and with motor vehicles with lighted headlights approaching from the west, plaintiff drove his automobile with lighted headlights in a westerly direction along Wabash Avenue, parallel with and about six or seven feet from the north curb of such street and then and there because of the negligence of defendants ran into and collided with the rear end of said truck and sustained injuries as hereinafter alleged.

"Plaintiff says that defendant parked said truck and allowed the same to remain parked along said highway at such time without a lighted tail lamp on the rear thereof which would emit a red light plainly visible from a distance of five hundred (500) feet; and negligently parked said truck and allowed the same to remain so parked without giving any warning of any kind by signal light or otherwise of such truck being so parked; and negligently parked said truck and allowed the same to remain so parked without a proper reflector or reflectors mounted on the rear of said truck; and negligently parked said truck and allowed the same to remain so parked without any signals or warning and at a location and in conditions where the de-

fendants well knew said truck likely would not be seen and travelers along said highway thereby caused to collide with it."

Then follows a description of the injuries sustained by appellee. It is then averred:

"Said collision and all said injuries are the proximate result of the negligence above set out and of each separate act and omission of negligence separately and severally considered.

"By reason of the premises plaintiff has been damaged in the sum of $15,000.00."

Appellants by their answer denied the allegations of negligence contained in the complaint.

The interrogatories and the answers of the jury thereto are as follows:

"Interrogatory No. 1.

"At the time of the accident, was there a lighted tail lamp on the rear of the truck?

"Answer. Yes.

"Interrogatory No. 2.

"At the time of the accident, did the tail light on the truck have lens known as red reflector lens?

"Answer. Yes.

"Interrogatory No. 3.

"At the time of the accident, were there two red reflector buttons located on the rear license plates of the truck?

"Answer. Yes.

"Interrogatory No. 4.

"At the time of the accident, was there a cluster of three red lamps on the rear of defendants' truck at about the center thereof?

"Answer. Yes.

"Interrogatory No. 5.

If you answer the preceding interrogatory 'Yes,'

was said cluster of three red lamps lighted, at the time of the accident?

"Answer. Yes.

"Interrogatory No. 6.

"Was there a red reflector on each side of the rear end of said truck, at the time of the accident?

"Answer. Yes.

"Interrogatory No. 7.

"If you answer the preceding interrogatory 'Yes,' were such reflectors approximately three feet above the pavement on which said truck rested?

"Answer. Yes.

"Interrogatory No. 8.

"Was plaintiff 'blinded' by bright head lights on approaching automobiles for a distance of more than 100 feet before reaching the point of collision?

"Answer. Yes.

"Interrogatory No. 9.

"If you answer the preceding interrogatory 'yes,' could plaintiff see ahead and distinguish objects for a distance of approximately thirty feet ahead of his car?

"Answer. No.

"Interrogatory No. 10.

"If you answer interrogatory No. 8 'No,' could plaintiff see and distinguish objects ahead for a distance of approximately 150 feet?

"Answer. —————

"Interrogatory No. 11.

"Immediately before and at the time of the accident, was plaintiff's automobile equipped with four-wheel brakes?

"Answer. Yes.

"Interrogatory No. 12.

"If you answer the preceding interrogatory 'Yes,' were said brakes in good working order?

"Answer. Yes.

"Interrogatory No. 13.

"Traveling at the rate of 15 to 20 miles an hour, could plaintiff have stopped his automobile within a distance of six to eight feet, by applying his brakes?

"Answer. No.

"Interrogatory No. 14.

"Did the accident hapen within the corporate limits of the City of Terre Haute?

"Answer. Yes.

"Interrogatory No. 15.

"Was the speed of plaintiff's automobile in excess of 30 miles an hour, at the time of the collision?

"Answer. No.

"Interrogatory No. 16.

"Did Roe Greenwood apply his brakes at any time before the accident?

"Answer. No.

"Interrogatory No. 17.

"If you answer the preceding interrogatory 'No,' did his failure to apply such brakes, in view of the surrounding conditions and circumstances shown in the evidence, directly contribute to cause the accident?

"Answer. No.

"Interrogatory No. 18.

"Was plaintiff's visibility at and before the accident impeded by atmospheric conditions?

"Answer. Yes.

"Interrogatory No. 19.

"Was Wabash Avenue at the point where the collision occurred, a four-lane paved highway?

"Answer. Yes.

"Interrogatory No. 20.

"Was Wabash Avenue at and in the vicinity of the collision, a straight and level street?

"Answer. Yes.

"Interrogatory No. 21.

"At the time of the accident, was there a street

lamp at the intersection of Rose and Wabash Avenues?

"Answer. Yes.

"Interrogatory No. 22.

"If you answer the preceding interrogatory 'Yes,' was the street lamp lighted at the time of the accident?

"Answer. Yes.

"Interrogatory No. 23.

"Could Roe Greenwood, in the exercise of that care for his own safety, reasonably to be expected from one of his age and experience, placed in the same or similar circumstances have slowed down and thereby avoided the accident?

"Answer. Yes.

"Interrogatory No. 24.

"Could Roe Greenwood, in the exercise of that care for his own safety, reasonably to be expected from one of his age and experience, placed in the same or similar circumstances, have seen the truck parked along the side of the curb during the last thirty or forty feet of his traveling, before the accident, and thereby avoided the accident?

"Answer. No.

"Interrogatory No. 25.

"Could Roe Greenwood, in the exercise of that care for his own safety, reasonably to be expected from one of his age and experience, placed in the same or similar circumstances, have stopped, and thereby avoided the accident?

"Answer. No.

"Interrogatory No. 26.

"Could Roe Greenwood, in the exercise of that care for his own safety, reasonably to be expected from one of his age and experience, placed in the same or similar circumstances, have turned his automobile aside and thereby avoided the accident

"Answer. No."

Appellee contends the appellants have not complied with Rule 2-17-(f) of the Supreme Court. We believe

appellants have at least made a good-faith effort to comply with the rules in the preparation of their brief, and therefore proceed to consider this appeal on its merits.

Appellants contend the answers to the interrogatories show: 1. Appellants were not guilty of any of the specific charges of negligence alleged in the complaint; 2. That appellee's injuries were not proximately caused by any specific act of negligence as alleged in said complaint; and, 3. That appellee was guilty of contributory negligence as a matter of law.

In determining the question here presented, we consider only the pleadings, the general verdict, the interrogatories and the answers thereto. 2 Watson's Works & Pr., p. 468, § 1896; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 409, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21.

The general verdict of the jury determined all material issues in favor of appellee. Unless the answers of the jury are in irreconcilable conflict with the general verdict, the trial court did not err in overruling appellants' motion for judgment in their favor. Such a conflict arises only when on the face of the record it is affirmatively shown that there is no possibility there could have been any other evidence admissible under the issues to sustain the verdict of the jury. *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 423, 60 N. E. 271, 83 Am. St. 200, 54 L. R. A. 396; *Pittsburgh, etc. R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 464, 33 N. E. (2d) 353.

Appellants contend the answers to Interrogatories

1 to 7 show they were free from any of the acts of negligence charged in the complaint. We do not agree with this contention. While these answers indicate appellants' truck at the time of the accident had a lighted tail light, reflectors, etc., the answers do not show such lights and reflectors were of such visibility as would exonerate appellants from the negligence alleged. There could have been evidence the lights and reflectors were covered with coal dust or some other obstruction which so affected their visibility as to constitute negligence. There also might have been evidence that because of the manner in which appellants' truck was parked, the lights, etc., were insufficient to absolve them from the charges contained in the complaint.

Appellants next contend the answers to Interrogatories 8, 9, 12, 16, 18 and 23 show that as a matter of law appellee was guilty of contributory negligence. By their answers to Interrogatories 8 and 9 the jury found that appellee, for a distance of more than 100 feet before reaching the point of collision, was so blinded by the bright lights of approaching automobiles that he could not distinguish objects for a distance of approximately 30 feet ahead of his car. By answers to Questions 12, 16 and 18 it is shown the brakes of appellee's automobile were in good condition; that he did not apply the brakes before the accident and his visibility was affected by atmospheric conditions. We cannot say these answers show that appellee was guilty of contributory negligence as a matter of law. Whether, under all of the facts and circumstances in evidence the appellee should have applied his brakes was a question of fact to be determined by the jury. *Opple* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81; *Frowd* v. *Marchbank* (1929), 154 Wash. 634, 283 P.

467; *Priday* v. *Bacon* (1939), 125 Conn. 354, 5 A. (2d) 709, 710; *Hoffman* v. *Herman* (1932), 107 Pa. Sup. 92, 163 A. 452; *Parenteau* v. *Parenteau* (three cases), *Theroux* v. *Parenteau* (1931), 51 R. I. 263, 153 A. 872; *Snyder* v. *Murray* (1939), 223 Mo. App. 671, 17 S. W. (2d) 639; *Schassen* v. *Motor Coach System* (1928), 126 Ore. 363, 270 P. 530.

In answer to Interrogatory 23, the jury found appellees "could" have slowed down and avoided the accident. By answers to Interrogatories 24, 25 and 26 the jury found appellee, by exercising reasonable care, could not have seen the appellants' truck during the last 30 or 40 feet of his traveling and thereby avoided the accident; that by the exercise of reasonable care he could not have turned his automobile aside or have stopped in time to avoid the accident. The answer to Interrogatory 23 seems to be inconsistent with the answers to Nos. 24, 25 and 26. Certainly the answer to it, when considered with the other interrogatories, does not show appellee to have been guilty of contributory negligence as a matter of law. In our opinion the pertinent question is not what appellee "could" have done, but what "would" an ordinarily prudent person have done under similar conditions.

Finding no irreconcilable conflict between the answers to the interrogatories and the general verdict, the judgment of the Superior Court of Vigo County is affirmed.

NOTE.—Reported in 60 N. E. (2d) 152.

ON PETITION FOR REHEARING

ROYSE, J.—Appellants in their petition for rehearing contend we erred, first, in holding the answers to interrogatories 1 to 7 were not sufficient to overcome the general verdict of the jury as to the negligence charged

against them. After a re-examination of the record we find no reason to change our original opinion on this question.

It is next contended we erred in holding the answers did not show appellee guilty of contributory negligence as a matter of law. It is earnestly asserted our opinion as to Interrogatory No. 23 is in conflict with the case of *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. (2d) 353. The interrogatory questioned in that case is clearly distinguishable from the one here involved. There the questioned phrase was "reasonable care." In this case the jury found by its answer that by slowing down appellee "could" have avoided the accident, that is to say, it would have been possible to avoid the accident by slowing down. But, as pointed out in the original opinion, it does not show that under the same or similar circumstances an ordinarily prudent person "would" have slowed down. There might have been evidence before the jury to show that because of traffic following appellee it would have been unreasonably hazardous for him to slow down.

Finally, we are of the opinion the authorities cited in our original opinion dispose of appellants' contention that we failed to consider their assertion that the proximate cause of appellee's injuries was the blinding headlights of approaching vehicles.

The petition for rehearing is denied.

NOTE.—Reported in 60 N. E. (2d) 152.