## LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY v. GRAHAM, ADMINISTRATOR.

[No. 20,233.   Filed March 31, 1904.]

TRIAL.—*Presumptions in Favor of General Verdict.*—While all presumptions must be indulged in support of the general verdict and against answers to interrogatories, nevertheless such presumptions must be reasonable, and relate only to such facts as might have been proved under the issues as formed.   p. 375.

SAME.—*Verdict.—Answers to Interrogatories.—Conflict.—Railroads.—Death of Switchman.*—In an action for the death of a railroad switchman, the jury returned a general verdict for plaintiff, and by answers to interrogatories found that the switchman with knowledge that a locomotive was approaching him continued to walk upon the railroad track in violation of a rule of the company; that he was fully possessed of his senses of sight and hearing, and if he had looked could have seen the approaching locomotive, and avoided the injury, but that he failed to look.   *Held,* that the answers to interrogatories were in irreconcilable conflict with the general verdict, although the switchman at the time may have been intently looking for a coupling pin and believed the locomotive would stop before reaching him, and the train being run at an unlawful speed without ringing the bell.   *pp. 375–379.*

From LaPorte Circuit Court; *J. C. Richter*, Judge.

Action by William Graham, administrator of the estate of James S. McGuire, deceased, against the Lake Shore & Michigan Southern Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*C. W. Miller, J. S. Drake* and *S. C. Hubbell*, for appellant.
*A. C. Harris, N. F. Wolfe* and *F. C. Cutler*, for appellee.

HADLEY, J.—This action was brought by appellee against appellant to recover damages for the death of James S. McGuire, while in the employ of appellant as a switchman in its Park Manor yards in Chicago. The action is under the statute of Illinois for wrongfully causing death, and the damages sought to be recovered are for the benefit of the widow and children of the deceased. The negligence charged is (1) that a locomotive was run in said yards,

where McGuire was engaged in the service of appellant, without ringing a bell or giving him any notice or warning of its approach, at an unlawful rate of speed, to wit, ten miles an hour, contrary to an ordinance of the city of Chicago then in force; (2) appellant permitted the bell on its locomotive to get and remain out of repair, so that it could not be rung, and the locomotive was run up to and against McGuire while he was engaged in service, without any notice or warning by ringing of the bell or otherwise, and by reason thereof he was struck and injured; (3) negligence of the engineer in charge of the locomotive in failing to look ahead, and in driving the locomotive against McGuire; (4) failure of appellant to make and publish rules and regulations for the guidance and control of its employes in the handling of locomotives and cars in its switch yards; (5) the engineer and fireman in charge of the locomotive were incompetent, which was known to appellant and not known to McGuire. The complaint was put at issue by the general denial. With a general verdict for appellee the jury returned answers to divers interrogatories. Appellant's motion for judgment in its favor on the answers so returned was overruled, which action of the court presents the only question for decision.

We recognize as well established in this State that a general verdict must stand if it can be upheld under any supposable state of facts provable under the issues, and that all presumptions must be indulged in support of the general verdict and against the special answers. But such presumptions must be reasonable, and relate only to such facts as might have been proved under the issues as formed. Therefore in this case, in support of his general verdict, appellee can invoke no fact in his own favor, or against appellant, that he would not have been allowed to prove within the limits of his complaint.

The special findings of the jury are in substance as follows: McGuire was employed by appellant on July 7,

1894, as a switchman in its yards at Park Manor, Chicago, and was injured on August 5, and died therefrom August 19, 1894. The accident happened about noon. Two parallel tracks known as No. 2 and No. 3 ran in a northwesterly direction. Track No. 3 was on the north of No. 2. The space between them was smooth and level, and seven feet wide. McGuire was familiar with the yard. He and another switchman were standing between tracks No. 2 and No. 3, about three hundred feet north of where track No. 3 connects with the lead track, when a locomotive came off of the lead track onto track No. 3. There was nothing to prevent McGuire from seeing the locomotive as it entered upon track No. 3, and he did know that it had entered upon said track, and that it was proceeding on the same in a northwesterly direction. While the locomotive was thus approaching on track No. 3, McGuire started also in a northwesterly direction, walking between tracks No. 2 and No. 3 on the south ends of the ties of track No. 3, and had walked a distance of seventy feet before the locomotive overtook and struck him. He knew the engine was approaching him, and could have seen it at any time if he had looked, but he did not look. He could have seen where the locomotive was at any time after it entered upon track No. 3, before it struck him, if he had looked. At the time he fully possessed the senses of sight and hearing. There was nothing to prevent him from stepping off the ties, and thus avoided a collision with the engine. If he had been giving attention to his surroundings at the time, he could have avoided the injury by avoiding a collision with the locomotive. He did nothing to avoid injury from the approaching engine. It was not necessary for him to be walking where he was on track No. 3 when he was injured. McGuire was at the time familiar with the following rule of the company: "All [employes] are especially cautioned not to walk upon, nor to stand upon the tracks, except when necessary to do so;- and as much may be, to prevent the

public from going upon the tracks." There was no strike or disturbance of any kind in appellant's yards at Park Manor at the time of the injury, and McGuire was not performing any service as deputy United States marshal, and was engaged only in performing the duties of switch-man, and with which duties he was familiar. The bell on the locomotive was not ringing, but the locomotive was making a noise and could have been heard by one with ordinary hearing at least one hundred feet away. The engineer in charge was not careful and competent, and did not see McGuire as the engine approached him.

Assuming that appellant's negligence was proved, we are unable, by any proper range of fancy, to find that Mc-Guire was himself without fault. The *gravamen* of the negligence complained of is the running down of McGuire with an engine which at the time was being unlawfully speeded, and which was driven upon him without ringing the bell, or giving him any other notice or warning of its approach. With respect to this alleged misconduct on the part of the appellant, the findings show that McGuire could have escaped injury therefrom by the exercise of reasonable care. It is exhibited by the findings that he was familiar with the yards and his duties as switchman, and with good sight and hearing, in the full light of day, he deliberately stepped onto track No. 3, in front of an oncoming engine, when it was not necessary for him to do so, and when he knew that it was in violation of the company's rules. He not only stepped onto the track, but proceeded on the ends of the ties northwesterly, with the knowledge that the lo-comotive was approaching him from the rear on the same track, and, without looking or listening, or at least with-out heeding, walked thereon seventy feet before being struck by the engine. It was not alone the speed, or the failure to ring the bell or give other notice or warning of the approaching engine that caused McGuire's injury, for without any other warning he heard, or might have heard,

the rumbling of the coming engine at least a hundred feet away, and, even if the locomotive was running at the rate of ten miles an hour, as alleged, while it covered one hundred feet, he had plenty of time to take a single step off the ends of the ties into a place of safety. He was on the track in violation of the company's rules, knew the engine was approaching him but a short distance away, and we are informed by the jury  that if he had been giving attention to his surroundings he might have avoided injury by avoiding a collision with the engine. And under the law he was bound to give attention to his surroundings. *Chicago, etc., R. Co.* v. *Hedges,* 118 Ind. 5, 11.

No situation of probable danger would excuse him from looking out for his own safety. And the more threatening the danger the greater the caution required. *Louisville, etc., R. Co.* v. *Stommel,* 126 Ind. 35. A railroad track is of itself a suggestion of danger, and walking on the ties so near a rail as to be struck by a passing engine, with the knowledge that one was approaching but a short distance away, was a situation requiring great attention and care, and the failure to give such attention and care constituted negligence. *Pennsylvania Co.* v. *Meyers,* 136 Ind. 242; *Ohio, etc., R. Co.* v. *Hill,* 117 Ind. 56. What if McGuire was intently looking for a link or a coupling pin, and had been told and believed that the engine would stop where he and the other switchman had been standing? What if he had signaled the engineer to stop, and had seen the steam shut off, or had been informed by a superior that he would send the engine back to come in on track No. 2, and believed it would be done? None of these, or like things which might have been proved, would have dispensed with the duty to look and listen while occupying the track unnecessarily, or have justified such an abandonment of all care as to disregard the noise of the moving engine a hundred feet behind him. *Pennsylvania Co.* v. *Meyers, supra,* page 260.

We are wholly unable to summon any state of facts provable under the issues that will make the decedent's conduct consistent with his freedom from fault, and we must therefore conclude that the special findings of the jury are in irreconcilable conflict with the general verdict, which implies due care, and that the general verdict must yield.

It follows that the court erred in overruling appellant's motion for judgment upon the answers to interrogatories, notwithstanding the general verdict.

Judgment reversed, with instructions to sustain said motion, and render judgment thereon for the defendant.

Gillett, C. J., concurs in result.