AMERICAN CARLOADING CORPORATION *v.* VOIGHT

[No. 16,071. Filed June 12, 1939. Rehearing denied October 18, 1939. Transfer denied December 12, 1939.]

*Oscar B. Thiel,* for appellant.

*Orville W. Nichols, Herman L. Key, Robert H. Moore,* and *Roswell B. Johnson,* for appellee.

BRIDWELL, J.—Appellee instituted this action against appellant to recover damages for personal injuries sustained by him, his complaint alleging that such injuries occurred by reason of negligent conduct on the part of appellant.

A motion to require plaintiff to make the complaint more specific was filed by appellant, and overruled by the court, to which ruling an exception was reserved. After the issues were closed by an answer of general denial, the cause was tried to a jury which returned its verdict in favor of appellee for the sum of $4000.00.

Judgment on the verdict was rendered. Appellant duly filed its motion for a new trial which was overruled by the court, and it excepted. This appeal was thereafter perfected, the errors assigned and presented being claimed error in overruling the motion to make the complaint more specific, and in overruling the motion for a new trial.

The complaint, omitting its formal parts, the prayer thereof, and the allegations concerning the injuries sustained, is as follows:

"Comes now the plaintiff and complains of said defendant, and says:—

"That said defendant is a foreign corporation duly organized and existing and at the time of the injury hereinafter set forth was in the business of hauling freight and merchandise for hire by means of large automobile trucks and tractor trucks with large trailers attached thereto.

"Plaintiff would further state that in Lake County, Indiana, is a city commonly known as Hammond, that said Hammond is a city of approximately 75,000 inhabitants; that just east and bordering Hammond is a city commonly known as Gary, Indiana; that Gary is a city of approximately 104,000 inhabitants; that extending from the City of Hammond to the City of Gary is a street and highway commonly known as Michigan Avenue; that said Michigan Avenue is the principal thoroughfare and connecting road between the aforesaid cities; that said Michigan Avenue is an improved highway being paved with concrete; that over said highway is a constant stream of vehicular traffic; that within the city limits of the City of Hammond and approximately one mile west of the city limits of the City of Gary said Michigan Avenue, in the vicinity of which is known as the Shell Petroleum Plant, crosses certain railroad tracks; that at said crossing said highway is built so that it crosses over said railroad tracks by means of a viaduct which said

viaduct is approximately fifty feet at the top above the level of said highway as it extends both east and west from said viaduct; that in approaching and coming over said viaduct there is a steep incline; that said incline is of approximately a forty-five degree angle; that all of aforesaid facts were true on the 5th day of January, 1935.

"Plaintiff would further state that on the 5th day of January, 1935, this plaintiff was driving an automobile along that portion of Michigan Avenue afore described; was travelling within the city limits of the City of Hammond in an easterly direction toward the City of Gary aforesaid;

"Plaintiff would further state that on said 5th day of January, 1935, at approximately 11:45 P.M. defendant had two of its large trucks travelling along said highway afore described within the city limits of the City of Hammond and County of Lake, State of Indiana, and said trucks were going in an easterly direction; that said trucks were large tractor trucks with trailers on; that said trucks were heavily loaded; that one of said trucks had become stalled or stopped on said highway so that it would not travel under its own power; that said large truck was upon the incline afore described going over the aforesaid viaduct; that said truck had become stalled upon said viaduct; whether said truck had gone upon said viaduct on its own power and had become stopped upon said viaduct are facts not within the knowledge of the plaintiff at this time; but plaintiff would further state that said truck was upon said viaduct; that another one of said defendant's trucks was attempting to pull said truck over said viaduct; that both of said trucks at the time were heavily loaded with merchandise being hauled by said defendant company and were being driven and directed by the servants and agents of said defendant company while acting in the scope of their employment and under the orders and directions of said defendant company;

that as said trucks were attempting to go over said viaduct; plaintiff approached in his automobile as aforesaid; that it was a dark and dismal night; that by reason of said truck being upon the elevation of the incline aforesaid, it was out of the radius of plaintiff's lights, on his automobile; that as plaintiff approached said viaduct and was about to go up said viaduct, an automobile was traveling in a westerly direction over said viaduct upon the north side of said highway; that said highway in this locality runs in a more or less easterly and westerly direction; that plaintiff was driving his car in a reasonable and prudent manner; that as his lights were elevated as he was about to drive up said incline said large tractor truck of the defendant suddenly loomed in his view; that said truck was backing or coasting down said incline in a westerly direction; that said defendant had carelessly and negligently permitted said truck to be on said incline without having any light lighted upon said truck or without having any warning or notice whatsoever on said truck on said incline; that said defendant had carelessly and negligently failed to put out any flares to warn travellers of the presence of said truck; that said defendant knew or could have known that by reason of said truck being on the incline, it was not within the view of the ordinary vehicle being driven along the highway just west of said incline; that said defendant carelessly and negligently, without having any lighted light on said truck and without giving any notice whatsoever, attempted to back said truck down said incline and did carelessly and negligently cause, suffer and permit said truck to coast down said incline in a westerly direction and did carelessly and negligently cause, suffer and permit said truck to so coast down said incline in a westerly direction and did carelessly and negligently cause, suffer and permit said truck to so coast down said incline without having any lighted light thereupon or any warning of the presence of

said truck; that said plaintiff was driving along and was about to drive over said incline and viaduct as aforesaid, said coasting truck suddenly appeared before plaintff; that plaintiff by reason of aforesaid car travelling on the north side of the highway and in a westerly direction, plaintiff was unable to turn to the left, that plaintiff applied his brakes and just as his car came to a stop said coasting truck carelessly and negligently coasting as aforesaid, struck plaintiff's car with great force, and seriously, painfully and permanently injuring plaintiff.''

Appellant by its motion to make more specific sought to have appellee aver in his complaint the rate of speed at which the truck proceeded backward down the incline at the place of the accident; the distance of his automobile from the rear of the truck when plaintiff applied his brakes and stopped his automobile as alleged in the complaint; and, at what rate of speed plaintiff was driving his automobile as it approached the place where defendant's truck was in the highway. It is not reversible error to overrule a motion to make more specific unless by so doing the party filing the motion is deprived of some substantial right, and, insofar as the pleading discloses, is left without knowledge of the precise nature of the charge he is called upon to meet and defend. In this case whether or not the truck was backed down the incline of the viaduct, and if so, at what rate of speed, is a fact of which the defendant was at least as well advised as the plaintiff could be; the other matters embraced in the motion could furnish information only on the question of the contributory negligence of the plaintiff, and in cases of this class the element of contributory negligence is a matter concerning which no allegations of any kind need be made in the complaint. See § 2-1025 Burns' Ind. Stat. Anno. 1933,

(§ 129, Baldwin's 1934). There was no error in overruling the motion to make the complaint more specific.

The motion for a new trial assigned as causes therefor, among others, that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; error of the court in refusing to direct the jury to disregard certain designated remarks made by counsel for appellee in the argument of the cause; error in overruling appellant's motion to set aside the submission of the cause, and discharge the jury; error in the giving of instruction numbered 2, given by the court of its own motion; error in refusing to give each of the instructions numbered 1 and 36, tendered by appellant; and excessive damages. These are the only causes discussed by appellant in its brief, and it is upon such reasons that it relies to show error in the overruling of said motion.

Upon reading the evidence, we find it to be exceedingly conflicting as to many material facts which the jury was called upon to determine. There is, however, evidence to establish facts which may be summarized as follows: Appellee suffered injuries when an automobile he was driving collided with a truck owned and operated by appellant. On the night of the accident, between the hours of 11 and 12 o'clock, p.m., appellant, through its authorized servants, was transporting merchandise in the regular course of its business by means of motor trucks, and appellee was proceeding homeward driving his automobile, and all motor vehicles mentioned were being driven along and over a public street or highway located within the corporation limits of the city of Hammond, Indiana, and in a general eastwardly direction. The visibility was not good because of mist. Appellee's automobile was equipped with headlights that were capable of casting rays of light a distance of about 300 feet ahead of

said automobile, but on the night in question, because of weather conditions visibility was limited to a distance ahead of approximately 100 feet. These lights were functioning prior to and at the time of collision. The highway, except in places where the vehicular travel moved, was icy, but in the lanes of travel where the wheels of vehicles would pass along the pavement the highway was in most places bare and free from ice. The accident happened on a viaduct constituting a part of said highway where the same crossed certain railroad tracks; said viaduct being at its apex about 28 feet feet above the ground level, and the incline of the viaduct as one approached from the west approximately 600 feet in length. Two trucks of appellant, one of which was being towed by the other, as they approached and attempted to cross over said viaduct had preceded appellee over the highway. There were no lights on the rear end of the truck which was being towed. These trucks when they had moved a distance of from one-third to two-thirds of the way up the incline of said viaduct became stalled, and appellee approaching from the west, driving his automobile, failed to see said trucks until within about 20 feet of the rear end of the hindmost truck, and ran into and against the same. As appellee approached the viaduct and started up the incline another car coming from the opposite direction with headlights burning made it more difficult for him to see ahead. On his homeward journey appellee had been driving at a rate of speed between thirty and thirty-five miles per hour, but slowed down near the "Shell Petroleum Plant" located a short distance west from said viaduct. As a result of the collision appellee suffered broken ribs and cuts on his head, face and body; became unconscious at intervals following the collision, and was taken to a hospital where he was confined for

a period of approximately one week, and thereafter confined to his home for a period of seven or eight weeks. He still suffers from pains in his head and in his body near the broken ribs, because of such injuries, and there is evidence that such pains will be permanently recurrent under certain conditions. Appellee was 38 years of age; employed as a "roller" in the steel mills at Indiana Harbor, Indiana, and was earning $45.00 per week.

Appellant contends that this court, under the evidence in the record, should hold appellee guilty of contributory negligence as a matter of law, and also asserts that there is no sufficient evidence of any negligence on the part of the appellant. As heretofore stated, the evidence is conflicting, but on appeal we can consider only such evidence as is favorable to appellee. The jury by its verdict decided both contentions here made against appellant, and the trial court, by overruling the motion for a new trial, did likewise. This court will not weigh the evidence, nor disturb the judgment because of the evidence. where, as here, there is competent evidence to establish all the essential allegations of the complaint necessary to a recovery of damages. There being evidence that the truck involved in the accident was upon the viaduct of the highway without any light at the rear end thereof at an hour approximating midnight, in violation of our statutory law (§§47-504 and 47-505 Burns' Ind. Stat. Anno. 1933), (§§11154 and 11158 Baldwin's 1934), the jury could properly find appellant negligent. In view of the evidence of appellee concerning the rate of speed at which he was driving after he reached the plant of the Shell Petroleum Corporation, and as to the blinding effect of the lights on the car approaching from the opposite direction over the viaduct, we would not feel justified in holding ap-

pellee guilty of contributory negligence as a matter of law for failure to see the unlighted truck in his pathway in time to avoid the collision. The admitted fact that the headlights on the car being driven by appellee did not illuminate the highway for a distance of more than 100 feet on the night of the accident is not in itself of such probative value as an item of evidence to preclude appellee from recovering damages. See *Opple* v. *Ray* (1935), 208 Ind. 450, 195 N.E. 81; *Indianapolis Glove Company* v. *Fenton* (1929), 89 Ind. App. 173, 166 N.E. 12.

No contention is made that the verdict is contrary to law other than that it is not sustained by sufficient evidence, which contention is not under this record sustainable.

Appellant asserts that its motion for a new trial should have been sustained because of misconduct of counsel for appellee while arguing the cause before the jury after the close of the evidence, and the court's failure to instruct the jury to disregard the remarks of counsel, and its refusal to set aside the submission of the cause to the jury because of alleged misconduct, which alleged misconduct and refusal are assigned in the motion for a new trial as causes therefor. It is charged that counsel made ''a direct misquotation of the law of the case'' as determined by the instructions which the trial court had indicated it would give; that statements were made concerning facts outside the issues, and that improper remarks were also made. Upon considering the entire record relative to this matter, we are not convinced that the jury was in any manner influenced by the statements of counsel, nor that any reversible error was committed by the trial court in overruling the motion to set aside the submission of the cause. Unless the record is such as to impel the belief that the claimed miscon-

duct of counsel was harmful to the party complaining thereof, to the extent that it was probably the means of securing a verdict which would not otherwise have been returned, this court will not reverse the judgment for any such reason. The conduct of counsel during the progress of the trial is a matter for the trial court to control, and should be left to its sound discretion, since such court is in a much better position to determine the effect of misconduct if any occurs. See *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 127, 143 N. E. 596.

The action of the court in the giving, and in the refusal to give each of certain designated instructions is challenged. The court gave to the jury 41 of the 44 instructions tendered by appellant, and in addition gave 5 instructions on its own motion. It is claimed that the court erred in giving of its own motion instruction No. 2, which told the jury:

"Every person is required to use a reasonable amount of care in the use of his property so as not to injure the person or property of another."
and further informed it that:

"If you find from the evidence in this case that defendant's truck was stopped upon said highway at the time and place of the accident in question without a red light burning upon the rear thereof, and if you further find that a reasonably prudent person under similar circumstances, as a reasonable precaution to protect the life and property of others, would have set out flares or other brightly burning lights to warn other travelers on such highway, and that the defendant in this case so failed to do, then you are instructed that the defendant is guilty of an act of negligence, substantially as charged in the complaint."

With reference to this instruction, the contention made is that since the accident admittedly occurred within the corporate limits of the city of Hammond, Indiana,

there was no duty imposed upon appellant, either by our statute (§ 47-526 Burns' R.S. Anno. 1933, § 11179 Baldwin's 1934), or at common law, to place flares or burning lights about a motor vehicle stopped upon a highway in the nighttime. This contention would be tenable unless ordinary care under the facts pleaded and proven would require a warning of such character. It is to be noted that the complaint avers, among many other allegations of fact:

"that said truck had become stalled upon said viaduct; . . . that said defendant had carelessly and negligently permitted said truck to be on said incline without having any light lighted upon said truck or without having any warning or notice whatever on said truck on said incline; that said defendant had carelessly and negligently failed to put out any flares to warn travelers of the presence of said truck."

The instruction was applicable under the issues and the evidence. It informed the jury that negligence in this particular could be found to exist only in the event that the jury from the evidence found that "a reasonably prudent person under similar circumstances as a reasonable precaution to protect the life and property of others would have set out flares, or other brightly burning lights to warn other travelers on such highway." It left for the decision of the jury the question whether ordinary care, which must always be exercised, required the placing of any flares or burning lights. The court did not err in giving it.

Instruction numbered 1, requested by appellant and refused by the court, asked that the jury be directed to return a verdict for the defendant, and was properly refused.

Instruction numbered 36 of appellant's tendered instructions, refused by the court, requested, among

other things, that the jury be instructed that "it became the duty of the plaintiff in this case to see the motor truck of the defendant when he was approximately 200 feet away from said motor truck," and that if it found "from the evidence that he did not see said motor truck at such distance, so as to avoid injury to himself, then plaintiff would be guilty of negligence, and if such negligence proximately contributed to his own injury, then he cannot recover." This instruction is too broad. Had the court given it, the jury would have incorrectly informed that a duty greater than the law imposes rested upon plaintiff. The court did not err in refusing to give it. See Opple v. Ray, supra.

Complaint is made of amount of recovery, it being asserted that the damages awarded are excessive. It would serve no good purpose to set forth in greater detail than has heretofore been stated the nature of the injuries suffered by appellee, and the results thereof. The amount of damages to be awarded in this class of cases is not susceptible to exact computation, and in the instant case we find nothing in the record to indicate that the jury acted out of prejudice, partiality or other improper motives.

Finding no reversible error, the judgment is affirmed.