NORWALK TRUCK LINE COMPANY *v.* KOSTKA

[No. 17,932.   Filed November 25, 1949.   Rehearing denied
January 20, 1950.   Transfer denied June 10, 1950.]

388

Martin, P. J., and Bowen, J., dissent with opinion.

*Jones, Obenchain & Butler,* of South Bend, for appellant.

*Louis E. Kunkel* and *James P. Gleason,* both of Michigan City; *Moore & Goad,* of Gary, and *Nichols & Nichols,* of Knox, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages for personal injuries sustained in an accident when the automobile which appellee was driving collided with a truck of appellant on Lincolnway in the City of LaPorte.

The material allegations of the complaint may be summarized as follows: That there is in the County of LaPorte a certain public highway known as Lincolnway, which runs in a general east and west direction through the City of LaPorte; that on the south side of said highway in said City there is a terminal station which appellant used for the purpose of transferring and reloading freight which it was engaged in hauling. Surrounding this terminal is a large yard in which appellant operated its trucks or tractors and trailers or semi-trailers in the conduct of its business; that at

about midnight on the 6th day of June, 1942, appellant was using said yard and was operating a truck or tractor to which was attached a trailer or semi-trailer; that appellant, by and through its agent, unlawfully, negligently and carelessly drove said vehicle directly north from said terminal station yard across said Lincolnway; that at the time said vehicle was so operated appellee was driving in an easterly direction in said city and on said highway toward the place where appellant's vehicle obstructed the highway; that the automobile which appellee was at the time driving collided with and crashed into the side of appellant's vehicle; that the collision was caused by the following acts of negligence on the part of appellant:

"1. In negligently driving said truck or tractor and trailer or semi-trailer across said Lincolnway.

"2. In negligently obstructing the passageway along said highway.

"3. In negligently failing to have said truck or tractor and trailer or semi-trailer equipped with lights.

"4. In negligently failing to warn the plaintiff of the fact that they had said highway entirely obstructed.

"5. In negligently and unlawfully operating said truck or tractor and trailer or semi-trailer in said time and place in violation of the laws of the State of Indiana in such case made and provided.

"6. In negligently operating said motor vehicle in such reckless manner as to endanger the life and limb of persons using the public highway at said time and place, including this plaintiff.

"7. In negligently failing to have sufficient head lights or other lights in violation of statute heretofore made and provided."

That as a result of said negligent and unlawful acts appellee sustained the following injuries:

"The loss of his left arm at the shoulder; severe lacerations about the head and face; severe bruises of the body and head and severe shock to his entire nervous system and concussion of the brain,"

As a result of said injuries appellee was forced to employ the services of a physician and required hospitalization; had to submit to operations; suffered excruciating physical and mental pain; is unable to continue in his usual occupation; that he is permanently nervous and depressed; all to his damage in the sum of $50,000.

To this complaint appellant filed its answer of admission and denial under the rules. The case was tried to a jury. Before the jury retired the trial court took from its consideration the third and fifth specifications of negligence. On proper request the trial court submitted twenty-one interrogatories to the jury. The jury answered the interrogatories and rendered its general verdict for $30,000 against appellant.

The trial court overruled appellant's motion for judgment in its favor on the answers to interrogatories notwithstanding the general verdict. Judgment on the verdict.

The errors assigned here are: (1) The trial court erred in overruling appellant's motion for judgment on the answers, etc.; (2) In overruling its motion for a new trial.

Appellee contends we should not consider the errors assigned because appellant, in the preparation of its brief, has violated Rule 2-17 (f),(g), of the Supreme Court, by setting forth argument and elaboration of propositions and application of

legal principles and authorities to the questions presented under the heading "Propositions, Points and Authorities," and by failing to confine the same to the heading "Argument." While there is some technical merit to appellee's contention, we have been able to determine the questions which appellant seeks to raise, and prefer to decide this case on such questions.

Interrogatories 13, 14, 15, 16, 17, 20 and 21 and the answers of the jury thereto were as follows:

"Int. 13—Did plaintiff fail to see the defendant's trailer before the collision?

"Ans.—Yes.

"Int. 14—If the foregoing interrogatory is answered in the affirmative, what, if anything, prevented the plaintiff from seeing said trailer before the collision in time to have avoided the collision?

"Ans.—No evidence.

"Int. 15—If the answer to interrogatory 13 is in the affirmative, was such failure to see the defendant's trailer before the collision the sole cause of the collision?

"Ans.—Yes.

"Int. 16—If the answer to interrogatory 13 is in the affirmative, was such failure to see the defendant's trailer before the collision one of the causes of the collision?

"Ans.—Yes.

"Int. 17—Immediately prior to the collision, at what speed was plaintiff traveling?

"Ans.—No evidence.

"Int. 20—Was the speed at which the plaintiff was approaching the point of collision the sole cause of the collision?

"Ans.—No.

"Int. 21—Was the speed at which the plaintiff was approaching the point of collision one of the causes of the collision?

"Ans.—No."

Appellant contends that the jury, by answering interrogatory 14 "No evidence," in effect found that nothing done by it prevented appellee from seeing its vehicle in time to have avoided the collision and therefore indicates a complete failure of proof on the question of its negligence. It further contends that by the answers to interrogatories 15 and 16 the jury found that the failure of appellee to see its vehicle was the only and sole cause of the collision and that such failure to see was not caused by anything done or omitted to be done by it.

In determining the question presented by the first assignment of error we may consider only the pleadings, the general verdict, the interrogatories and the answers thereto. And only where, on the face of the record, it is affirmatively shown that there is no possibility there could have been any other evidence admissible under the issues to sustain the verdict of the jury should such a motion be sustained. *Brown et al.* v. *Greenwood* (1945), 116 Ind. App. 112, 120, 60 N. E. 2d 152 (transfer denied), and authorities there cited.

We cannot agree with appellant's interpretation of the import of the above interrogatories and the answers made thereto by the jury. We believe the answer to question 14 clearly indicates a failure on the part of appellant to prove that failure of appellee to see the vehicle in time to have avoided the collision was caused by his contributory negligence. Further, the jury by its answers to interrogatories 17, 20 and 21 found there was no evidence as to appellee's speed and that the speed at which appellee was approaching the point of collision was neither the sole nor one of the causes of the collision. If interrogatory 14 was intended to call for a finding of all facts on all of the issues of negligence charged against appel-

lant, it was an improper question calling for an answer to more than one fact, and the answer must be disregarded. II Watson's Rev., *Works' Practice & Forms*, § 1836, p. 419. Conceding without deciding that by the answers to interrogatories 15 and 16 the jury found that the only immediate cause of the collision was appellee's failure to see the vehicle, this would not overcome the import of the general verdict that the proximate cause of the collision was the negligence of appellant, because, as heretofore indicated, the jury, by its answers to interrogatories 14, 17, 20 and 21, found, in effect, that appellee's failure to see the vehicle was not caused by his failure to use that degree of care a reasonable person would use under similar circumstances, or by the speed at which he was operating his car.

In our opinion there were possibilities of other evidence which would have been admissible under the issues to sustain the general verdict. We hold the answers to the interrogatories are not in irreconcilable conflict with the general verdict and therefore there was no error in overruling appellant's motion for judgment on said answers.

Appellant's motion for a new trial contains seven specifications. We will consider these in the order they are presented in the briefs.

Appellant asserts the trial court erred in refusing to give to the jury its tendered instruction No. 8 which would have withdrawn from the jury's consideration specification No. 7 of the acts of negligence charging appellant with not having sufficient head lights or other lights in violation of the statute. The trial court withdrew from the jury's consideration specification No. 3 of the acts of negligence charging appellant with failing to have its vehicle equipped with lights. Appellant contends that by withdrawing specification No. 3 the

trial court determined as the law of the case that there was no evidence from which the jury could find it guilty of negligence in respect to its lighting equipment. It further contends that since the collision occurred within the city limits of LaPorte it owed appellee no statutory duty to use fuses, flares, electric lanterns and pot torches under §§ 47-2235, 47-2237, Burns' 1940 Replacement. It says that there was no credible evidence showing a breach of statutory duty in the use of reflectors, etc. or that the collision was proximately caused by any such failure. Finally, it contends the answers to certain interrogatories show a failure of proof concerning negligence in the use of reflectors and marker or clearance lights.

We do not agree with appellant's contention as to the effect of the trial court's withdrawal of the third specification of negligence from the jury. That specification merely charged negligence in failing to have the vehicle *equipped with lights,* whereas, the seventh specification charged it did not have *sufficient light under the provisions of the statute.* We are of the opinion these specifications charge separate and distinct acts of negligence. Furthermore, the failure of appellee to object to the withdrawal of the third specification did not operate to establish as the law of the case that there was no evidence upon which the jury could find appellant guilty in respect to lighting equipment required by statute, nor does it necessarily follow that under the pleadings and evidence the trial court's action was correct. The only effect of such failure was to make any error therein unavailable to appellee as a cause for a new trial or on appeal. *Pittman-Rice Coal Company, Inc.* v. *Hansen* (1947), 117 Ind. App. 508, 516, 72 N. E. 2d 364 (transfer denied).

We agree that §§ 47-2235—47-2237, *supra,* were not applicable in this case. However, § 47-2206, Burns' 1940 Replacement, provides as follows:

"The sections of this act immediately following, relating to clearance and marker lamps, reflectors, and stop lights, shall apply as stated in said sections to vehicles of the type therein enumerated, namely: passenger busses, trucks, truck tractors, and certain trailers, semitrailers, and pole trailers respectively, when operated upon any highway and said vehicles shall be equipped as required and all lamp equipment required shall be lighted at the times mentioned in section 120 (§ 47-2202), except that clearance and side marker lamps need not be lighted on any said vehicle when operated within any municipality when there is sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet."

The jury, by its answer to interrogatory No. 1, found that at the time of the collision there was not sufficient light to render clearly discernible persons and vehicles on that highway for a distance of 500 feet. Therefore, the provisions of §§ 47-2207 to 47-2210, Burns' 1940 Replacement, relating to additional equipment required on certain vehicles, color of clearance lamps, side marker lamps and reflectors, mounting of reflectors, clearance lamps and side marker lamps, and visibility of reflectors, clearance lamps and marker lamps, were applicable to appellant.

The appellee testified that on the night of the accident, at about midnight, he turned east on the Lincolnway at a point six or seven blocks east of the Nickel Plate Railroad tracks. He was driving at a speed of about twenty-five miles per hour, using his dim lights because he was in the city. As he approached the point where two railroad tracks cross the highway he reduced his speed to about twenty miles per hour. There

is some space between the two tracks. There is an overhead street light between these tracks. The tracks are about 250 feet west of appellant's terminal station. Appellee looked both ways at each track before crossing. After he crossed the track he accelerated his speed a little. He looked ahead of him and was watching his driving. He saw no object on the highway, no reflectors and no reflection of any light. After he crossed the tracks the only light he saw was the street light. His eyes are good and he does not have to wear glasses. He remembers nothing after he proceeded a short distance west of the tracks until he awakened in the hospital the following morning minus his left arm. He said stainless steel looked like aluminum; that he could see a stainless steel object as long as appellant's vehicle at a distance of two hundred feet if it was clean, but that stainless steel has a tendencey to get dull. There was a conflict in the evidence as to whether the vehicle was dirty. There was evidence that the rear end of appellant's vehicle was south of the south curb of the highway and just west of it there were some telephone poles which obscured the rear reflectors.

By answers to interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 14 the jury found appellant's vehicle was constructed of corrugated stainless steel; that it was 28 feet long and 8 feet high; that the side of the trailer facing appellee was equipped with two side marker lamps, one at the front and one at the rear; that this side was also equipped with two reflectors similarly situated; that there was no evidence as to whether the marker lamps were burning at the time of the collision; that there was no evidence as to whether the marker lamps displayed or reflected an amber or red color; that there was no evidence as to whether such marker lamps could be seen under normal atmospheric conditions in the night

time at a distance of 500 feet from the side of the vehicle; that the reflector on the front was such as would reflect an amber color and the one on the rear a red color; that such reflectors were of such size and characteristics and so maintained as to be visible at night time from all distances within 500 feet to 50 feet from appellant's vehicle when *directly in front* of a normal headlight. Considering the evidence most favorable to appellee, it indicated or might be reasonably inferred therefrom that at the time of the collision or immediately prior thereto these reflectors were not directly in front of the headlights of appellee's car as he approached the point of collision.

While frequently used interchangeably, there is a difference in the meaning of the words "testimony" and "evidence." Testimony is the words spoken by a witness or the things exhibited to the jury. Evidence is the worth which the jury places on the testimony. Ballentine's Law Dictionary. It would be error for a trial court to withdraw from a jury an issue upon which there had been any testimony which had probative value. 53 Am. Jur., p. 458, § 581.

We are of the opinion the testimony of appellee was sufficient to require the trial court to submit to the jury the seventh specification of the acts of negligence charged in the complaint. *Bartley* v. *Chicago and Eastern Illinois Railway Company et al.* (1940), 216 Ind. 512, 521, 24 N. E. 2d 405; *Pennsylvania Company* v. *Clark, Administrator* (1922), 191 Ind. 470, 133 N. E. 588. The testimony in the case of *Hummel* v. *New York Central Railroad Company, et al.* (1946), 117 Ind. App. 22, 66 N. E. 2d 901, relied upon by appellant, did not, as this court pointed out, have any probative value. Under the circumstances herein the answer of the jury to the interrogatories would not

be controlling on the question of the submission of this specification to the consideration of the jury.

Appellant next contends the trial court erred in refusing its tendered instructions Nos. 3 and 5. These instructions would have withdrawn from the jury's consideration the 2nd and 4th specifications of negligence which charged appellant with negligently obstructing the highway and in negligently failing to warn appellee that they had the highway entirely obstructed.

Appellant contends there was not sufficient evidence to submit either of the above referred-to specifications of negligence.

The driver of the vehicle of appellant which was involved in this collision testified, in substance, as follows: He drove an empty trailer from South Bend which he was to drop at the LaPorte terminal and there pick up a loaded trailer. When he arrived at the LaPorte terminal he pulled between the terminal building and a telephone pole, which pole was about three feet south of Lincolnway pavement. He stopped parallel with the highway and about six feet south of it. After getting his papers he returned to his vehicle and started to cross the highway. When he came to the south edge of the pavement he stopped and looked both ways. To do this he had to jackknife his outfit. He observed a car approaching from the west. He did not know how fast this car was traveling. Nevertheless he pulled out and proceeded due north directly across the highway. He used first gear and did not travel over five miles per hour. He proceeded straight across the highway until the front of his vehicle was within three feet of the north curb. He again saw the car approaching from the west. He shifted into rear gear and started to back up. He said watching his vehicle required all of his attention. He

did not blow his horn nor give any other warning. He did not put out any torch lights, parking lights or flares. His headlights pointed straight ahead, that is, due north. He again saw appellee's car at the railroad track. When he saw the collision was imminent he disengaged the gear of his vehicle.

In our opinion the foregoing testimony had sufficient probative value to require the trial court to submit to the jury the second and fourth specifications of negligence. *American Carloading Corporation* v. *Voight* (1939), 107 Ind. App. 267, 278, 21 N. E. 2d 453 (transfer denied) ; *Chandler* v. *Kraner* (1947), 117 Ind. App. 538, 542, 543, 73 N. E. 2d 490.

Appellant next contends the trial court erred in refusing to give its tendered instructions Nos. 2 and 7, which would have withdrawn from the jury's consideration the first and sixth specifications of negligence. These specifications respectively charged appellant negligently drove its vehicle across said highway and negligently operated in such a reckless manner as to endanger the life and limb of persons using said highway at said time and place, including appellee.

In support of this contention appellant first says, that because the trial court gave its instruction No. 6 withdrawing specification 5 charging appellant negligently operated its vehicle in violation of the laws of this state, it thereby determined as the law of this case that there was no evidence from which the jury could find that appellant negligently operated its vehicle. What we have heretofore said regarding the same contention in reference to the refusal of the court to give instruction No. 8 is equally applicable here. We are of the opinion the evidence hereinbefore referred to was sufficient to require the court to submit to the jury the first and sixth specifications of negligence.

Appellant next contends the trial court erred in overruling its written request to instruct the jury to return a verdict in its favor. For the reasons for which we have held the evidence hereinbefore set out was sufficient to submit to the jury the various acts of negligence charged, we hold the trial court did not err in such refusal. For the same reasons we hold the verdict was sustained by sufficient evidence and is not contrary to law.

It is next contended that the trial court erred in permitting over appellant's objections two witnesses to testify that at the time of the collision there were no barricades, individuals with torch lights, pot torches and flares. We think this evidence was admissible under the broad allegations of the first and second specifications of negligence. *Watson* v. *Brady* (1932), 205 Ind. 1, 185 N. E. 516; *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 254, 22 N. E. 2d 812. In view of appellant's instruction No. 40 given by the trial court, as follows:

"I instruct you that if you find from the evidence that before entering upon Lincolnway from the defendant's adjacent terminal yard William I. Horton looked for traffic moving on Lincolnway and observed the plaintiff's car at such distance to the West as to induce a reasonably careful and prudent person to proceed upon Lincolnway and if you further find that at said time defendant's equipment was illuminated by headlamps, warning lights and reflectors of the kind and quantity referred to in other instructions and if you further find that William I. Horton reasonably and prudently proceeded upon and across said highway to a point near the North side thereof where he stopped, placed his motor in reverse and started to back defendant's equipment onto its yard, then I instruct you that said William I. Horton was under no duty to place pot flares or barricades or to station another person or persons upon the highway with other warning devices,"

appellant was not harmed by the admission of such evidence.

Finally it is contended the damages of $30,000 are excessive. In view of the fact that the injury resulted in a serious, permanent handicap to a man 23 years old at the time of the accident and having a life expectancy between 39 and 40 years, it cannot be said that the verdict induces a belief that it was the result of prejudice, partiality or corruption. *Northwestern Transit, Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591. Damages are not to be predicated alone upon the amount which appellee could have earned if he had not been injured. The jury was entitled to take into consideration his personal suffering and the fact that he has been deprived of enjoyments common to men of his class. *Samuel E. Pentecost Construction Company* v. *O'Donnell* (1942), 112 Ind. App. 47, 63, 39 N. E. 2d 812 (Transfer denied) ; *Chicago, Indianapolis and Louisville Railway Company* v. *Stierwalt* (1926), 87 Ind. App. 478, 153 N. E. 807 (Transfer denied) ; *General American Tank Car Corporation* v. *Melville* (1925), 198 Ind. 529, 145 N. E. 890.

In conclusion we wish to call attention to the fact that the appellant tendered fifty-one instructions to the trial court. It subsequently withdrew its request for one of these. The trial court refused to give six of said tendered instructions and gave to the jury the remaining forty-four, and in addition gave three instructions of its own. Appellee tendered no instructions. In our opinion there were entirely too many instructions in this case. As is usual in such instances there were many repetitious instructions. Constant repetition of legal propositions can only have a tendency to mislead the jury. When an instruction is given which fully covers a subject it should not be repeated. Instructions should be clear

and concise. Trial courts should refuse to give more instructions than are necessary to succinctly state the law applicable to the facts and issues. *Robbins, Executor, et al.* v. *Fugit* (1920), 189 Ind. 165, 168, 126 N. E. 321, and authorities there cited. Certainly in this case the jury was well informed as to the appellant's view of the law.

Finding no error, the judgment of the Starke Circuit Court is affirmed.

Bowen, C. J. and Martin, J., dissent with opinion.

NOTE.—Reported in 88 N. E. 2d 799.

## ON PETITION FOR REHEARING

ROYSE, J.—In its petition for rehearing appellant asserts that our opinion and holding in reference to the answer of the jury to Interrogatory 14 contravenes ruling precedents of the Supreme Court in the following cases: *New York Central Railway Company* v. *Powell* (1943), 221 Ind. 321, 327, 47 N. E. 2d 615; *Lake Shore & Michigan Southern Railway Company* v. *Graham, Admr.* (1904), 162 Ind. 374, 376, 379, 70 N. E. 484; *Republic Creosoting Company* v. *Hiatt* (1937), 212 Ind. 432, 438, 8 N. E. 2d 981; *Board of Commissioners of Huntington County* v. *Bonebrake* (1896), 146 Ind. 311, 315, 316, 45 N. E. 470.

In the New York Central case, *supra*, we are unable to understand how the opinion in that case could possibly be construed to be controlling on this question.

In the Lake Shore case, *supra*, the Supreme Court stated the answers disclosed the jury found, among other things, the following facts:

"There was nothing to prevent McGuire from seeing the locomotive as it entered upon track No. 3, and he did know that it had entered upon

said track, and that it was proceeding on the same in a northwesterly direction. While the locomotive was thus approaching on track No. 3, McGuire started also in a northwesterly direction, walking between tracks No. 2 and No. 3 on the south ends of the ties of track No. 3, and had walked a distance of seventy feet before the locomotive overtook and struck him. He knew the engine was approaching him, and could have seen it at any time if he had looked, but he did not look. He could have seen where the locomotive was at any time after it entered upon track No. 3, before it struck him, if he had looked. At the time he fully possessed the senses of sight and hearing. There was nothing to prevent him from stepping off the ties, and thus avoided a collision with the engine. If he had been giving attention to his surroundings at the time, he could have avoided the injury by avoiding a collision with the locomotive. He did nothing to avoid injury from the approaching engine. It was not necessary for him to be walking where he was on track No. 3 when he was injured. McGuire was at the time familiar with the following rule of the company: 'All (employes) are especially cautioned not to walk upon, nor to stand upon the tracks, except when necessary to do so; and as much may be, to prevent the public from going upon the tracks.' "

The Supreme Court held, in effect, that those answers lead inescapably to the conclusion the decedent did not exercise that degree of care an ordinarily prudent person would have used under the same or similar circumstances, and therefore he was guilty of contributory negligence. But that is not true in this case. The jury found, by its answer to Interrogatory 14, there was no evidence as to what prevented appellee from seeing the trailer in time to avoid the collision. There is nothing in the answer to this interrogatory or in the answers to any of the others to indicate appellee knew appellant's truck was blocking the public highway. There is nothing in any of the answers to indicate

that in the exercise of ordinary care he could or should have seen the trailer in time to avoid the collision.

In the case of *Republic Creosoting Co.* v. *Hiatt, supra,* the Supreme Court stated, under the complaint "the only cause of action stated or attempted to be stated is to recover damages caused by breathing or coming in contact with fumes, gases, or vapor arising or coming from creosote, or creosote treated blocks." The jury found by its answer to interrogatory No. 2 that the injuries of plaintiff were *not* caused by working with creosoted blocks. The court held, therefore, the jury by such answer found appellee had wholly failed to prove that appellee's working with creosoted blocks was the proximate cause of his injuries.

Likewise, the facts in the Board v. Bonebrake case, *supra,* are not applicable herein.

We cannot understand how it could be seriously contended that any of the foregoing cases have any applicability to the answers to the interrogatories in this case.

As indicated in our original opinion, it is well settled in this jurisdiction that where there are possibilities that other evidence which would be admissible under the issues would sustain the general verdict, the answers to interrogatories cannot overcome the general verdict. *Brown et al.* v. *Greenwood* (1945), 116 Ind. App. 112, 120, 60 N. E. 2d 152 (transfer denied). Applying this rule to this case, the jury might well have found or reasonably inferred that when the driver of appellant's vehicle approached the south edge of the highway and saw appellee's car approaching from the west, said driver was negligent in proceeding across said highway and blocking it without first determining that he could do so without endangering the person or property of appellee. And

it might reasonably have further found that such conduct was the proximate cause of appellee's injuries.

We adhere to our holding in the original opinion that the answers to the interrogatories are not in irreconcilable conflict with the general verdict.

Other questions raised in the petition for rehearing have been adequately covered in the original opinion.

Petition for rehearing denied.

Martin, P. J., and Bowen, J., dissent.

NOTE.—Reported in 89 N. E. 2d 625.

## DISSENTING OPINION

BOWEN, J., and MARTIN, J.—We cannot agree with the majority opinion in this case.

Interrogatories 13, 14, 15, 16, 17, 20, and 21 are set forth in the majority opinion. By the answer to Interrogatory 13, the jury found that appellee failed to see appellant's semi-trailer before the collision. The answer to Interrogatory 14 sets forth that there was "no evidence" as to what, if anything, prevented the plaintiff from seeing said trailer before the collision in time to have avoided it. By the answers to Interrogatories 15 and 16, the jury found not only that appellee's failure to see that defendant's trailer before the collision was not only one of the causes of the collision, but the *sole* cause thereof.

Considering all of the interrogatories and answers and the general verdict herein with a due regard for the rule that it is the duty of the court to reasonably construe all of the answers and interrogatories together, and attempt to determine their true meaning, we find that it is wholly impossible to reach any other reasonable conclusion than that the answers to Inter-

rogatories 13, 14, 15, and 16 are in irreconcilable conflict with the general verdict.

The rule established by the courts of this state is clear in such instances. Where the answers to interrogatories are in irreconcilable conflict with the general verdict the answers will control and the general verdict must fall. *Republic Creosoting Co.* v. *Hiatt* (1937), 212 Ind. 432, 8 N. E. 2d 981; *Chicago* v. *Wilfong* (1910), 173 Ind. 308, 90 N. E. 307. In *Korrady, Admx.* v. *The Lake Shore & Mich. So. R. R. Co.* (1892), 131 Ind. 261, 29 N. E. 1069, the Supreme Court in part stated: "Where the facts stated in answer to an interrogatory are such as preclude a recovery, the court must so adjudge, although answers upon other points may be favorable to the party who relies upon the general verdict. If facts are found which are fatal to a recovery, the court is bound to deny the plaintiff a judgment whether such facts relate to one or many points. A defendant who establishes a point which completely and effectually destroys the alleged cause of action must necessarily succeed."

Appellee had the burden of proof on the issue of appellant's alleged negligence, and the answer of "no evidence" clearly and unequivocally amounts to a finding that the evidence showed a complete failure of proof on that issue, and the conclusion is inescapable that the jury found that there was no evidence that there was any acts or omission of appellant which prevented appellee from seeing the semi-trailer in time to have avoided a collision. *Chicago, etc., R. R. Co.* v. *Wilfong, supra; Union Traction Co.* v. *Howard* (1910), 173 Ind. 335, 90 N. E. 764; *Arcade File Works* v. *Juteau* (1895), 15 Ind. App. 460, 400 N. E. 818, 44 N. E. 326.

Such answer to Interrogatory 14 is self-sufficient and depends upon no answer other than the answer to Interrogatory 13. *Korrady* v. *The Lake Shore & Mich.*

*So. R. R. Co., supra; Republic Creosoting Co.* v. *Hiatt, supra.*

In our opinion the court, therefore, erred in overrulling appellant's motion for judgment in its favor in the answers to the interrogatories for the reason that said answers are in irreconcilable conflict with the verdict, and the cause should, therefore, be reversed.

Other reversible error, in our opinion, was committed by the trial court in permitting two witnesses to testify over appellant's objection that at the time of the collision there were no barricades, lights, pot torches, flares, or torchlights since the collision occurred within the corporate limits of the City of LaPorte. Burns' 1940 Replacement, §§ 47-2235, 47-2236, 47-2237; *Associated Truck Lines* v. *Velthouse* (1949), 227 Ind. 139, 84 N. E. 2d 54. The admission of this evidence permitted the consideration of acts of negligence by the jury in direct contradiction of appellant's instruction No. 40 given by the trial court that appellant's driver "was under no duty to place pot flares or barricades or to station another person or persons upon the highway with other warning devices."

Furthermore, the circumstances as shown by the undisputed evidence do not present any issuable fact as to a common law duty to use such flares or lights. Not every highway obstruction is unlawful.

The word "obstruction" includes neither the rightful use of a highway nor negligent operation of vehicles upon it. *Ray* v. *City of Manchester* (1865), 46 N. H. 59; *Densmore* v. *City of Birmingham* (1931), 223 Ala. 210, 135 So. 320.

There was no evidence to show that the operation of appellant's semi-trailer was in any respect unnecessary, unreasonable, or unlawful. Such operation was being performed in the only manner by which the operation could be performed, and in the manner in

which it had always been performed. Since the undisputed evidence shows that the stop in the operation was no longer than was reasonably necessary to shift gears, the semi-trailer was neither "parked," "stopped," "stalled," nor "disabled." *Northern Indiana Transit* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905; 2 *Blashfield's Cyc. of Auto Law and Practice*, § 1197.

To hold the action of appellant as disclosed by the evidence was sufficient upon which to base a reasonable inference of negligence would practically stop the lawful backing or turning of trucking equipment on our public highways without committing acts of actionable negligence.

We feel that the court erred in overruling appellant's motion for a new trial, and that to permit the judgment in the instant case to stand amounts to a miscarriage of justice.

NOTE.—Reported in 88 N. E. 2d 806.