PODELL *v.* BOGER, D/B/A BOGER'S AUTO SERVICE ET AL.

[No. 18,928. Filed November 12, 1957. Rehearing denied December 16, 1957.]

*George T. Patton,* of South Bend, for appellant.

*Jones, Obenchain & Butler, Roland Obenchain, Jr.,* and *Roland Obenchain, Sr.,* of South Bend, for appellees.

KELLEY, J.—Appellant brought this action against appellees for damages for personal injuries allegedly sustained by her as the result of an automobile collision occasioned, she alleged, by the negligence of appellee, Earl L. Farnsworth, while driving and operating, as the agent and employee of appellee, Paul F. Boger, an automobile owned by the latter. Appellees answered under the rules and that the negligence of appellant contributed proximately to the collision and her alleged injuries.

The jury found for appellees and consistent judgment was rendered thereon. Appellant's motion for a new trial asserts that the verdict is contrary to law, that it is not sustained by sufficient evidence, that the court erred in its rulings as to certain offered evidence, and that the court erred in granting appellees' motions to withdraw from the jury two of the five alleged charges of negligence.

Appellant's claimed errors do not require us to narrate the evidence and we, therefore, proceed to determine upon the charges of error contained in her motion for a new trial without detailing the same.

It is now academic, of course, that appellant, being the unsuccessful protagonist, can not avail herself of the claim of insufficiency of the evidence and appellant does not argue such specification.

The complaint embraced five charges of negligence. They are:

(a) Defendant carelessly and negligently was driving at a dangerous and unlawful rate of speed, to-wit: 45 miles per hour.

(b) Defendant carelessly and negligently failed to keep and maintain a proper lookout for other persons and automobiles properly and lawfully using said highway, including plaintiff and her said automobile.

(c) Defendant carelessly and negligently failed to have and keep his automobile under control, so as to be able to bring it to a stop in order to avoid a collision with others, including the plaintiff, who might be and were lawfully using said highway.

(d) Defendant carelessly and negligently failed to keep and maintain the brakes on said automobile in proper repair and in good working order so as to enable him to bring said automobile to a stop in order to avoid a collision with others, including plaintiff, who might be and were lawfully using said highway.

(e) Defendant carelessly and negligently failed to apply his brakes in time to avoid striking plaintiff's automobile.

Appellant called as a witness Freida Noble, city clerk of the City of South Bend, Indiana and custodian of the official records of the City Court of said city, and asked her: (taken from appellant's motion for a new trial)

"Q. Turn to Book 18, Page 183. Will you cite to the court and jury the record in Criminal Cause 17366?"

Appellees objected to the question as not being in proper form and not material to the issues joined. Appellant then offered to prove that

"If the witness were allowed to answer the question she would say in substance that Earl L. Farnsworth pleaded guilty to the criminal offense of following too close in South Bend City Court on February 18, 1954, same being Criminal Docket 18, Page 183, same being cause number 17366. The

records show Mr. Farnsworth pleaded guilty and was fined in the sum of $2.75 . . . ."

The court sustained the objection.

Neither the record of the City Court pertaining to said cause number 17366, said Criminal Docket 18, nor any other record, paper, or entry relative thereto was offered in evidence by appellant. While we do not know just what the question, as phrased, required of the witness, the offer to prove indicates that the witness would undertake to testify as to the contents of the Criminal Docket referred to. The word "cite," in the sense it was apparently used in the question, has been defined to mean "To quote, as a passage from a book, usually by way of authority or proof." Webster's International Dictionary, Second Edition. It is evident that the record itself was the best evidence of the asserted criminal case and the proceedings attendant thereon. It is evident, also, that neither the question nor the proffered answer established any connection, relationship, or identity between the occurrence or accident here involved and the occurrence giving rise to the asserted criminal proceeding in the City Court.

The appellee, Farnsworth, was called as a witness by appellant and, as set forth in appellant's motion for a new trial as a ground of error, the following took place in the course of his direct examination:

"Q. Were you involved in an automobile collision on February 13, 1954?

A. Yes, I was.

Q. As a result of that collision I will ask you whether or not you appeared in South Bend City Court on February 18, 1954, and entered a plea of guilty to the criminal offense of driving too close?"

Appellees objected to the latter question as being immaterial upon the issues joined.

Appellant thereupon offered to prove that

"If the witness were allowed to answer the question he would say on February 13, 1954 he pleaded guilty in the South Bend City Court to the offense of following too close, said offense arising out of *an* automobile accident in the city of South Bend on February 13, 1954. Said defendant was fined in the sum of $2.75." (Our emphasis.)

The court sustained the objection.

Appellant argues that "the question was proper as a direct admission against interest." The difficulty lies in the failure of the question or the offer to prove to establish that the offense to which said appellee allegedly pleaded guilty arose out of or was connected with the occurrence giving rise to the instant action. The establishment of such connection or relationship assumes importance by reason of the fact that this action is brought against the employer, appellee Boger, as well as the employee, Farnsworth, and judgment is sought against both. Now, if the offense assertedly committed by Farnsworth, the employee, and to the charge of which he allegedly pleaded guilty, was not committed in connection with the performance by him of his duties as such employee or occurred while he was outside the scope of his employment, such admission of negligence would not be admissible as against the employer, appellee Boger. *General Refrigeration Sales Co.* v. *Taylor* (1934), 229 Ala. 479, 158 So. 314, 315; *Buchanan et al.* v. *Morris et al.* (1926), 198 Ind. 79, 92, points 7-9, 151 N. E. 385. We find nothing in appellant's condensed recital of the evidence or in the Bill of Exceptions of the evidence which establishes that the accident here complained of was the only accidental occurrence on February 13, 1954 in which said Farnsworth was involved. In fact, the offense of operating or driving a motor vehicle more closely to

another vehicle than is reasonable or prudent is not dependent upon the occurrence of an accident or collision. Sec. 47-2019, Burns' 1952 Replacement. For all that appears from the record the asserted offense allegedly charged against said employee, Farnsworth, could have arisen out of an accident or occurrence unrelated to the one alleged in the complaint. The trial court made reference to this in his ruling on the question to Freida Noble in these words: "whatever offense was charged in the record of the City Court that does not appear in the record; and the time of the commission of the offense, and whether it was identified with the accident involved in this case is not disclosed, and there has been no connection." Notwithstanding this ruling by the court, appellant made no effort to establish the connection nor to introduce into evidence the record of the proceeding in the city court. It is incumbent upon appellant to establish error by the record. We find no error in the complained of rulings of the court or the rejection of the proffered evidence.

At the conclusion of appellant's evidence in chief, appellees moved the court, by separate motions as to each, to withdraw from the jury specification (a) of negligence in appellant's complaint and specification (d) of negligence in said complaint. Said motions were "granted" by the court and appellant asserts that the court erred in so doing.

Specification (a) of negligence, as alleged in the complaint, was that appellee, Farnsworth, "carelessly and negligently was driving at a dangerous unlawful rate of speed, to-wit, forty-five miles an hour." The record discloses no objection by appellant to the motion or the granting thereof. The only action by appellant with reference thereto, insofar as the record reveals, was this statement:

"Mr. Patton: I will admit there is no direct testimony in the record as to speed, as they state they did not see the car hitting them."

The record contains an entry that appellees tendered "a form of instruction for that purpose." Appellant did not make the instruction or her objections thereto, if any, a part of the record. Nor does the record disclose whether or not the court gave the instruction. In fact it does not appear from the record whether or not the court actually withdrew the issue from the jury. Appellant says she is claiming error only on the granting of the motion and that under Rule 1-7, she is not required to and raises no "question in reference to any instruction."

We deem it unnecessary to refer to or quote the provisions of said Rule 1-7. It has been held that the failure of the proponent of an issue to object to the withdrawal of the issue makes "any error therein unavailable . . . as a cause for a new trial or on appeal." *Norwalk Truck Line Company* v. *Kostka* (1949), 120 Ind. App. 383, 395, points 8, 9, 88 N. E. 2d 799 (Transfer denied June 10, 1950). It follows that appellant's claim that the court erred in granting appellees' motion to withdraw said issue is unavailing to her as a cause for a new trial in view of her failure to object thereto.

The same situation and conditions and absence of objections exist by the record with reference to the granting by the court of appellees' motion to withdraw the aforesaid specification (d). For the same reasons we hold that there is no error available to appellant in that regard as a cause for a new trial.

Appellant assumes to argue a point not clearly applied to any specified cause in the motion for a new

trial. She says that "the evidence of the defendant-appellee Earl Farnsworth was such that we contend it cleared the appellant of any possibility of contributory negligence . . . ." We notice this argument only because appellant may possibly intend it to support the specification that the verdict is contrary to law. In any event it is unavailing, first because the jury under the evidence could and may have found appellees to be without negligence in the respects charged; and, second, there is ample and substantial evidence in the record from which the jury could have concluded that appellant was negligent in not giving proper signal of her intended left turn and that such negligence proximately contributed to the collision and appellant's asserted resulting injuries.

We have considered and treated each of appellant's asserted errors and find none of sufficient legal cogency to merit a new trial.

Judgment affirmed.

## ON PETITION FOR REHEARING

KELLEY, C. J.—Appellant asks for a rehearing on three stated grounds. The petition therefor contains such misconceptions as to our holding in the primary opinion that it becomes necessary to answer them in writing, to the end that such stated misconceptions may not mislead those who may, perchance, read the opinion.

Appellant first says that we held that she was obligated to set forth in her brief the instructions given by the court. (Appellant apparently refers to instructions withdrawing certain issues from the jury.) We cannot find in the opinion that we so held. We said that appellant did not make the instruction a part of the record and that she raised no question with reference to any instruction. It may be that appellant is

not one of those who, perchance, may have read the opinion.

Appellant next, as her second charge, avers that we erred in holding that she "was obligated to make specific objections to appellees' motion to withdraw the question of speed from the jury," thereby contravening Rule 1-5 of the Supreme Court. We have reviewed the rule referred to. This rule abolished the necessity of taking exceptions to adverse rulings of the court, as was required for the presentation of error prior to the adoption of the rule in 1940. It did not abolish the necessity for proper objections in those procedural instances where such objections are requisite. For instance, it is not necessary to take an exception to the action of the court in refusing a properly tendered instruction but the action of the court in giving an instruction deemed erroneous is available as error only upon oral or written specific objections made thereto. (See Rule 1-7.) Said Rule 1-5 specifically provides that it is not intended "to affect in any manner the present practice in regard to objections."

Following the holding in *Norwalk Truck Line Company* v. *Kostka* (1949), 120 Ind. App. 383, 88 N. E. 2d 799, transfer of which was denied by the Supreme Court on June 10, 1950, we held that the failure of appellant to object to appellees' motion to withdraw from the jury the issue of negligence (speed) as alleged in specification (a) of appellant's complaint made any error in the granting thereof unavailable to appellant as a cause for a new trial. We did not state in the opinion that such objection should be specific. We ventured no opinion as to whether such objection should be general or specific. We said, in effect, that appellant had failed to make any objection. Our holding, we think, was not in any way counter to the provisions of said Rule 1-5.

The final ground upon which appellant claims we erred was the same as her aforesaid second ground except that it refers to appellees' motion to withdraw from the jury the issue of negligence (failure to maintain brakes in proper repair and working order) as alleged in specification (d) of appellant's complaint. What we have said concerning appellant's second charge of error by us, applies in all respects to this, her final ground, and disposes thereof.

Petition denied.

NOTE.—Reported in 145 N. E. 2d 730.
Rehearing denied in 146 N. E. 2d 428.